119 N.J. Super. 181 (1972)
290 A.2d 737
INDUSTRIAL LESSORS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
CITY OF GARFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, IN THE COUNTY OF BERGEN, AND THE BOARD OF ADJUSTMENT OF THE CITY OF GARFIELD, AND THE BUILDING INSPECTOR OF THE CITY OF GARFIELD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1972.
Decided May 9, 1972.
*182 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Robert K. Hartmann argued the cause for appellant (Messrs. Hartmann & Brooks, attorneys).
Mr. John S. Wolchko argued the cause for respondents Board of Adjustment of City of Garfield, City of Garfield, and The Building Inspector of the City of Garfield (Mr. Ralph W. Chandless, attorney).
PER CURIAM.
This is an appeal from a decision of the Law Division, Superior Court, sustaining a determination by the building inspector of Garfield, affirmed on appeal by the local board of adjustment, refusing a building permit to plaintiff to reconstruct an industrial building destroyed by fire in 1969. Plaintiff had been duly granted a variance to build the original building in 1962.
The board of adjustment and the Law Division relied upon provisions of the 1960 municipal zoning ordinance which, we assume, without so deciding, prohibit nonconforming buildings (expressly defined as inclusive of variance structures) from being reconstructed after destruction unless they conform with the ordinance in all respects. The reasoning was that since variances may be subjected to conditions by the *183 granting body, the terms of the ordinance just mentioned are to be regarded as generally applicable additional conditions of any grant of variance enforcible against the property owner. We agree with the premise but not with the conclusion thus formulated.
For present purposes, a variance is vastly different from a nonconforming use. The latter is saved by the statute from subsequent prohibitory provisions of the zoning ordinance, but nonconforming uses and structures are disfavored in the law and the total destruction of a nonconforming building terminates the right to continue the use. See Hay v. Board of Adjustment, Ft. Lee, 37 N.J. Super. 461, 465 (App. Div. 1955); N.J.S.A. 40:55-48.
A variance, however, is an official quasi-legislative, quasi-judical determination that the use or structure allowed is not offensive to the ordinance in the broad context of the particular circumstances which, under the statutory criteria specified by N.J.S.A. 40:55-39, have authorized the grant. In essence, the use or structure allowed becomes a conforming use. 2 Rathkopf, The Law of Planning and Zoning (3d ed. 1972), 46-1. Although a variance can perhaps be lost by abandonment, see North Plainfield v. Perone, 54 N.J. Super. 1, 12-13 (App. Div. 1959) certif. den. 29 N.J. 507 (1959) it otherwise partakes to a large degree of the characteristics of a vested right running with the land. 2 Rathkopf, op. cit.
Since the foregoing characteristics of a variance structure or use flow from the intention implicit in the statutory scheme, any impairment thereof by municipal ordinance is invalid as conflicting with the statute. In our judgment the appellant has a clearly implied statutory right to rebuild its structure if essentially duplicative in all respects of that previously in existence pursuant to the variance. The ordinance cannot take it away. Appellant is entitled to the building permit if the application conforms with the foregoing expression, as we assume it does.
Reversed.