124 N.J. Super. 244 (1973)
306 A.2d 75
FRANK R. WALLE, RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE TOWNSHIP OF SOUTH BRUNSWICK, MIDDLESEX COUNTY, NEW JERSEY, MICHAEL J. MIHALCIK, BUILDING INSPECTOR OF THE TOWNSHIP OF SOUTH BRUNSWICK, MIDDLESEX COUNTY, NEW JERSEY, AND CITY COUNCIL OF THE TOWNSHIP OF SOUTH BRUNSWICK, MIDDLESEX COUNTY, NEW JERSEY, APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 21, 1973.
Decided June 12, 1973.
*245 Before Judges CARTON, MINTZ and SEIDMAN.
Mr. Andre Wm. Gruber, attorney for appellants.
Messrs. Garrenger & Rosta, attorneys for respondent (Mr. Joseph J. Rosta, Jr., on the brief).
*246 PER CURIAM.
Defendant municipality, its board of adjustment and building inspector appeal from a judgment in favor of plaintiff property owner ordering the issuance of a certificate of occupancy by defendant municipal building inspector.
In 1963 plaintiff sought a variance to restore an existing masonry building for use as an automobile repair shop. Such repair shops were not then and are not now a permitted use in the township's LI-2 (Light Industrial) zone. The variance was granted subject to three conditions, one of which included the requirement that the owner should not permit more than three motor vehicles incapable of operation to be located outside the building.
From 1963 to July 1971 the building was used as a repair shop for foreign cars. On December 14, 1970 plaintiff was found guilty in the municipal court of violating the condition of the variance and was fined $50.
The premises then remained vacant until March 1972. At that time plaintiff applied to the municipal building inspector for a certificate of occupancy for a new tenant who also intended to use the premises as a repair shop. The application was denied for the reason that it was for a nonpermitted use and that a "[p]revious Variance [had] been voided due to violation of the terms of the Variance."
Plaintiff then instituted this action in lieu of prerogative writs. On defendant's motion and plaintiff's cross-motion for summary judgment the trial court ordered the issuance of the certificate. Hence this appeal.
It is well settled that a variance may be granted subject to conditions. In the present case the resolution granting the variance specifically provided that if the conditions of the variance were violated, "the applicant shall be deemed to be operating without a variance and shall be subject to the penalties provided for violation of the Zoning Ordinance." However, the contention that the variance has become forfeited because of the violation must be construed *247 in the light of the rule that a variance partakes, to a large degree, of the characteristics of a vested right in the land. Industrial Lessors, Inc. v. Garfield, 119 N.J. Super. 181, 183 (App. Div. 1972), certif. den. 61 N.J. 160 (1972).
The situation is essentially similar to that in which a property owner is charged with violating a restrictive covenant. In the case of restrictive covenants courts normally construe a forfeiture provision against the person seeking its enforcement. Equity abhors a forfeiture. Although there may arise situations in which a forfeiture is warranted, such a result should not be permitted if a just result may be obtained by construing the provision as a condition. So here. The municipality in this case had other remedies available for the enforcement of the condition. N.J.S.A. 40:55-47 appears to give a municipality the right in such case to injunctive relief. In addition, it was authorized to take, and did in fact take, proceedings in the municipal court to impose penalties for the violation.
A forfeiture should not be suffered to exist, particularly under the circumstances of this case. It was not until March 1972 that the municipality advised plaintiff it considered the variance to be void. At the very least, it would seem to us that when the plaintiff was found in 1970 to be in violation and fined, it was incumbent upon the municipal authorities to seek to declare the variance void at that time if, in fact, it had any grounds for doing so.
Under the circumstances we construe the conditions of the variance as limiting the right of the municipality to that of imposing fines and seeking injunctive relief.
We see no merit to defendants' additional argument that plaintiff should be denied relief because he failed to obtain site plan review by the planning board, as required by the zoning ordinance as a condition to issuance of a certificate of occupancy for a nonpermitted use. The provision sensibly applied only to the initial certificate of occupancy *248 for a nonpermitted use, not subsequent occupancy for the same use.
Affirmed.