137 N.J. Super. 359 (1975)
349 A.2d 99
EDWARD ALLEN AND HARRY H. WOODEN, JR., PLAINTIFFS-APPELLANTS,
v.
PLANNING BOARD OF THE TOWNSHIP OF EVESHAM, TOWNSHIP OF EVESHAM, ALLEN HALL, BUILDING INSPECTOR OF THE TOWNSHIP OF EVESHAM, AND SIXTH CAMDEN CORPORATION, A CORPORATION ORGANIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 28, 1975.
Decided December 2, 1975.
*361 Before Judges HALPERN, CRANE and MICHELS.
Mr. Richard A. Barton argued the cause on behalf of appellants (Messrs. Freeman & Spence, attorneys).
Mr. John E. Harrington argued the cause on behalf of respondent Township of Evesham (Messrs. Hartman, Schlesinger, Schlosser & Faxon, attorneys; Mr. Kenneth S. Domzalski, on the brief).
Mr. John O. Sitzler, Jr. argued the cause on behalf of respondent Sixth Camden Corporation (Messrs. Mathews & Sitzler, attorneys).
Mr. D. Neil Manuel filed a statement in lieu of brief on behalf of respondent Planning Board of the Township of Evesham.
The opinion of the court was delivered by CRANE, J.A.D.
This is an appeal from an order entered in the Law Division granting summary judgment in favor of defendants and dismissing plaintiffs' complaint in lieu of prerogative writ. The complaint alleged that the members of the planning board had been subjected to duress affecting their approval of the site plan for a shopping center to be known as Tri-Towne Plaza submitted by defendant Sixth Camden Corporation. The suit sought a reversal of the resolution granting site plan approval. It also sought to enjoin the issuance of a building permit to Sixth Camden Corporation for the proposed shopping center and a judgment declaring valid an amendatory ordinance changing the zone in which the shopping center was to be located so as to require a variance before a building permit could be issued for the shopping center.
On a motion for summary judgment by the township, in which the other defendants joined, the trial judge found that the amendatory ordinance in question was invalid; that *362 there is a right under N.J.S.A. 40:55-1.19 to appeal a planning board's approval of a site plan to the governing body by persons aggrieved; that plaintiffs did not have a sufficient personal, pecuniary or property interest to qualify as aggrieved persons; that plaintiff Allen did not appeal to the governing body within ten days as required by N.J.S.A. 40:55-1.19, and that the members of the planning board had not acted under duress as a matter of law.
On appeal plaintiffs have abandoned their contention that the amendatory ordinance was valid. They do contend, however, that the trial judge erred in finding that they were not aggrieved persons and that the planning board members had not acted under duress as a matter of law.
We have carefully reviewed the record and have concluded that the court below erred in several important respects.
It has definitively been held that the right to appeal to the governing body conferred by N.J.S.A. 40:55-1.19 does not include the right to appeal from a decision of a planning board granting site plan approval. Arlington Assoc. v. Parisippany-Troy Hills Tp. Coun., 118 N.J. Super. 418 (App. Div. 1972). Plaintiffs have argued that that decision was an incorrect interpretation of the statute. We are not persuaded, however, that we should depart from it. The issue of plaintiffs' status as aggrieved persons under the statute is therefore not material. Their standing as parties in the prerogative writ action, however, is important. The court below held that plaintiff Wooden (whom he considered to be the only legal party plaintiff, since Allen had not filed an appeal to the governing body within ten days as required by N.J.S.A. 40:55-1.19) had no right to appeal the case.
In our view the trial judge was in error in dismissing the complaint on the basis of plaintiffs' standing. From the sparse record before the court it appears that each of the plaintiffs was a resident and taxpayer of the township. Wooden lives within a quarter of a mile from the proposed *363 shopping center; Allen lives within 200 feet. Wooden was a member of a traffic study committee which had made a report to the planning board making recommendations which were not followed. From the record we are unable to determine whether affidavits as to plaintiffs' standing were submitted by defendants. Plaintiffs' attorney asked the court for an opportunity to present testimony as to how the proposed shopping center would affect plaintiffs.
Resolution of the question of whether a party has a sufficient interest to warrant the commencement of an action in lieu of prerogative writ to review the validity of administrative action requires an inquiry of the nature of the private interest of the party seeking review as compared with the public interest. Elizabeth Federal S. & L. Ass'n v. Howell, 24 N.J. 488, 499 (1957). The extent of the interest of the community at large is particularly important and may, if sufficiently great, negate the necessity of proof of unique financial detriment to the party seeking review. Kozesnik v. Montgomery Tp., 24 N.J. 154, 177 (1957). Insofar as we can tell from an examination of the record before us, the trial court had insufficient facts from which such a determination could be made. It may well be that a showing could be made that the shopping center would have a major impact on the community at large of sufficient dimension as to render plaintiffs' individual interests of unsignificant import. Plaintiffs' standing should not have been determined on such a sparse record as appears here. Summary disposition of an issue is inappropriate where there is doubt as to the facts. Ruvolo v. American Cas. Co., 39 N.J. 490 (1963).
It was also inappropriate, in our view, to determine the issue of duress in a summary manner. Plaintiffs alleged that the members of the planning board acted under duress by reason of the commencement of a civil suit against them in the United States District Court for damages occasioned by the delay in deciding site plan approval. The minutes *364 of the meeting of the planning board show that at about 15 minutes before the vote on site plan approval was to be taken, the board's attorney told the board members that they should be aware of the seriousness of the federal suit; that they would be sued as individuals and be liable under the Civil Rights Act; that the suit sought damages in excess of $3,000,000 plus punitive damages, and that the lawsuit had serious financial consequences to the persons involved. The trial judge held that as a matter of law these facts did not make out a case of duress. In doing so he was guided by his evaluation of the effect of the pending lawsuit upon the members of the planning board. The controlling factor in determining whether duress has occurred is the state of mind of the person subjected to coercive measures; the test is essentially subjective. Rubenstein v. Rubenstein, 20 N.J. 359 (1956). It involves an evaluation of the behavior of the parties. West Park Ave., Inc. v. Ocean Tp., 48 N.J. 122, 129 (1966). The judge should not have decided the issue of duress on a motion for summary judgment but should have held a plenary hearing to determine the state of mind of the members of the planning board at the time they voted upon the resolution. This is especially so in view of the apparent community interest in the policy question of whether the shopping center should be constructed. See Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142 (1969).
Judgment reversed. The cause is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.