404

---

---

MARIE REILLY & JOSEPH REILLY, PLAINTIFFS, v.
ALBERT LASSO & ROSE J. LASSO, DEFENDANTS.

District Court
Essex County

January 25, 1979.

*Ms. Isabelle R. Strauss* for plaintiffs.

Defendants appeared *pro se.*

ALBANO, P. J. D. C.  This opinion supplements an oral opinion delivered at the conclusion of the hearing of the

above matter. The question preesnted is a perplexing one, of apparent first impression, and does not concern the liability of the parties or the amount of compensation to be paid, if any, but the jurisdiction of the Essex County District Court to hear and determine certain landlord-tenant issues. It is an adjective or procedural problem and not a substantive one, as to which no comment is made or intended.

Plaintiffs, who are tenants of defendants in a residential property in East Orange, Essex County, filed a five-count complaint in the Essex County District Court. The first count alleges an illegal rent increase and consequential acts, entitling plaintiffs to a monetary judgment; the second count alleges uninhabitable conditions and seeks monetary damages and abatement of rent; the third count alleges a violation by way of failure to post the statement required by the Landlord-Tenant Registration Statements Act, *N. J. S. A.* 46:8–27 to 37, and looks toward the recovery of the penalty provided for therein; the fourth count alleges a violation by way of failure to distribute the statement required by the Truth-In-Renting Act, *N. J. S. A.* 46:8–43 to 49, and looks toward the recovery of the penalty provided for therein; and the fifth count alleges a different violation by way of failure to post said statement required by the Truth-In-Renting Act, and looks toward the recovery of the penalty provided for therein. Service of process upon defendants was effected by plaintiff's attorney, apparently by mail. Defendants filed a *pro se* answer in which they admitted or denied the various allegations of the complaint, and denied any liability to plaintiffs.

The matter came on for trial in due course, and immediately, a jurisdictional problem became apparent. Admittedly, defendants own property, part of which is leased to plaintiffs, in East Orange, Essex County, but defendants reside in the Township of East Hanover, situate in Morris County. The fact that East Hanover is a township in the County of Morris is properly noticed, under *Evid. R.* 9.(1), where, without request by a party, judicial notice shall be taken

of such specific acts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute. If defendants are residents of Morris County, and they are, can the Essex County District Court exercise jurisdiction over them?

Under the New Jersey Constitution the Legislature has the authority to establish the jurisdiction of the county district courts, and it has defined the jurisdiction of those courts in *N. J. S. A.* 2A:6–32 *et seq. Knox v. Krause,* 152 *N. J. Super.* 278 (Law Div. 1977). In particular, *N. J. S. A.* 2A:6–32 speaks of territorial jurisdiction, and limits each county district court to the boundaries of its own county. *N. J. S. A.* 2A:6–33 carves out an exception, by expansion, where there are multiple defendants, and permits defendants outside of the county to be joined in an action with those inside the county. Recently, the territorial jurisdiction of the county district court was extensively reviewed in *Beca Realty v. Eisberg,* 125 *N. J. Super.* 575 (Cty. D. Ct. 1973) where the court concluded that its jurisdiction was limited in fact to its county borders. Essentially, *Beca Realty* was concerned with long-arm jurisdiction where both defendants resided outside of the State of New Jersey. Shortly thereafter the long-arm holding of *Beca Realty* was overruled by *Sears Roebuck & Co. v. Katzmann,* 137 *N. J. Super.* 106 (App. Div. 1975), where defendant wife sought to third-party her former husband in the State of New York. The case here lies between *Beca Realty v. Eisberg,* where defendant resided outside of the State of New Jersey, and *Sears Roebuck & Co. v. Katzmann,* where one defendant resided in a particular county and a third-party defendant resided outside of the State. Neither of the foregoing cases involved a defendant residing in New Jersey but outside of the county of the county district court. As to this situation, the statutes establishing jurisdiction must still control. *State v. Osborn,* 32 *N. J.* 117, 122 (1960), says that jurisdiction rests solely upon the court's having been granted power to hear and determine the proceeding by the Constitution or by valid legislation. To the

same effect is *Vineland Shopping Center, Inc. v. DeMarco,* 65 *N. J. Super.* 223, 232 (App. Div. 1961).

The fact that defendants filed an answer does not alter the matter or remedy the situation, for if a court lacks jurisdiction of the subject matter, jurisdiction cannot be conferred by agreement of the parties or by waiver resulting from a party's failure to interpose a timely objection to the assumption of jurisdiction. *Lay Faculty Ass'n v. Newark Archdiocese,* 122 *N. J. Super.* 260, 269 (App. Div. 1973). In addition, *R.* 4:6-7 permits the dismissal of an action whenever it appears that the court lacks jurisdiction of the subject matter, although, under *R.* 1:13-4, the action may be transferred to the proper court. For other reasons, this matter will not be transferred to the Morris County District Court.

So far, it appears perfectly clear that the Essex County District Court can exercise no jurisdiction over Morris County residents who are not joined as codefendants with an Essex County resident or residents. But, the very statutes, the Registration Statements Act and the Truth-In-Renting Act, which create the rights plaintiffs here seek to enforce cause the perplexity referred to earlier.

*N. J. S. A.* 46:8-31 of the Registration Statements Act reads as follows:

> In any action in the county district court by an occupant or tenant against a landlord who has not complied with this act and who cannot be served within the county, the summons and complaint may be served by certified and regular mail upon the record owner at the last [known] address listed in the tax records of either the municipality or county. Service of such summons and complaint by certified and regular mail shall be effective to bring the landlord before the county district court even if it were not served within the county in which the county district court issuing the summons is located.

*N. J. S. A.* 46:8-47 of the Truth-in-Renting Act reads, in part, as follows:

The county district court of the county in which the rental premises are located shall have jurisdiction over such proceedings.

Both of the above statutes purport to grant jurisdiction to the county district court of the county wherein the rental premises are located, and both statutes are found in that portion of the *New Jersey Statutes* which refers to "Property" and, particularly, in the chapter dealing with "Leasehold Estates: Landlord and Tenant." Neither is found or referenced in *N. J. S. A.* 2A:6–32 *et seq.*, the jurisdictional source of the county district courts. Compare *N. J. S. A.* 2A:6–33.1, which does create extra-territorial jurisdiction in the county district court, and which supplements *N. J. S. A.* 2A:6–43, the statute establishing the jurisdiction of the division of small claims.

Again, the county district courts are "courts of record," — courts of limited rather than general jurisdiction — and have the power to determine their own jurisdiction. *Jamouneau v. Harner,* 16 *N. J.* 500, 511 (1954). Therefore, the court must be satisfied as to its jurisdiction before it undertakes the resolution of the issues before it. In *Andriola v. Galloping Hill Shopping Center, Inc.,* 93 *N. J. Super.* 196, 199 (App. Div. 1966), it was said that the county district courts are inferior courts of limited jurisdiction which the Legislature may establish, alter or abolish in its discretion, as the public good may require. And in *Drobney v. Drobney,* 146 *N. J. Super.* 317, 322 (App. Div. 1977), involving an appeal from the Superior Court, Chancery Division, it was noted that a court having subject matter jurisdiction is empowered to act in a specific controversy encompassed therein only if and to the extent it has jurisdiction over the litigant or the subject matter of the controversy itself, unless such jurisdiction is conferred by consent or jurisdictional defect waived. The county district court is not a court of plenary jurisdiction, as is the Superior Court, but one of limited jurisdiction. The statute granting its terri-

torial jurisdiction excludes nonresidents of its county, and no statutes grant it subject matter jurisdiction.

In an analogous situation, it was held that the jurisdiction of the Juvenile and Domestic Relations Court cannot be conferred by consent, but is limited to the subject matter set forth in the statute, and further, that jurisdiction over such subject matter may not be conferred by consent or be waived, and that such lack of jurisdiction may be raised or noted at any time. *Linder v. Linder,* 126 *N. J. Super.* 466, 471, 473 (App. Div. 1974).

The foregoing mandates a finding that the Essex County District Court is without jurisdiction over defendants and the matter must therefore be dismissed or transferred to the Morris County District Court under *R.* 1:13-4, which would have jurisdiction over defendants.

The matter will be dismissed, without prejudice, for lack of proper service upon defendants. Service of process here was made by plaintiffs' attorney. *R.* 4:4-3 states, in part, that

Wherever service by mail is permitted by these rules, such mailing may be [done] by the attorney or by a party appearing pro se.

But *R.* 4:4-3 is not a part of the rules made applicable to the county district courts. Service of process in the county district court is controlled by *R.* 6:2-3 and requires that all process within this State, including mail process, be made by those designated in the rule. An attorney or party appearing *pro se* is not empowered to do so. Accordingly, other considerations aside, jurisdiction was not, and could not have been, acquired over defendants and the complaint must be dismissed.