LINDEN MERCHANTS ASSOCIATION, PLAINTIFF, v. LINDEN CITY COUNCIL, DEFENDANT, AND STILES CIRCLE ASSOCIATES, INTERVENOR-DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided July 10, 1986.

36

*Robert M. Rich,* for plaintiff (*Weitzman & Rich,* attorneys; *Robert M. Rich* on the brief).

*Jerome Krueger,* for defendant.

*Charles N. Winetsky,* for intervenor-defendant (*Winetsky & Winetsky,* attorneys; *Charles N. Winetsky* on the brief).

FELLER, J.S.C. (retired and temporarily assigned on recall).

This is an action in lieu of prerogative writs instituted by the Linden Merchants Association challenging the decision of Linden City Council affirming the action of the zoning board of adjustment approving the site plan application of intervenor-defendant Stiles Circle Associates, a New Jersey partnership.

Stiles Circle Associates (formerly known as G.G.S. Circle Co.) previously obtained variances to use the existing two-story masonry building located at the front of premises commonly known as 1025 West St. George Avenue, Linden, for commercial purposes and to construct and use a one-story masonry building addition to the rear of the existing building for commercial purposes, as well as front- and side-yard setback variances. Said variance application was bifurcated from the site plan application and approved by the board of adjustment and on appeal by the Linden Merchants Association was affirmed

by the city council, and the Law and Appellate Divisions of the Superior Court of New Jersey.

The site plan application was bifurcated from the variance procedure as permitted by *N.J.S.A.* 40:55D–76(b). After the appeal of the variance had been determined, the board of adjustment heard and approved the site plan application. Plaintiff appealed to city council and after a hearing city council affirmed the board's action in granting the site plan.

However on appeal to this court by plaintiff, counsel for defendant, Stiles Circle Associates, questioned the jurisdiction of city council to hear this appeal. Plaintiff contends that defendant participated in the appeal, consented to the same and, consequently is estopped to deny the jurisdiction of the city council. Defendants contend that plaintiff initiated the appeal to city council and that they cooperated in order to save time in case it was held that the city council did have jurisdiction.

The issues involved are as follows:

1. Did city council properly consider the revised site plan of plaintiff and take the proper action in the vote of city council?

2. Was plaintiff entitled to appeal a site plan approval to city council?

3. Was the city merely gratuitous in permitting the appeal by plaintiff?

Plaintiff contends that the variance portion of the bifurcated proceeding was for a project which was generally described. In order for there to be a complete variance the entire project had to be totally described and set forth on a site plan. Pursuant to *N.J.S.A.* 40:55D–76(b) the variance in a bifurcated case is "conditioned upon" the subsequent actions of the board of adjustment and the applicant bears the same burden of the "negative criteria" as in the initial portion of the variance hearing.

Plaintiff further contends that this site plan approval is part of a variance proceeding under *N.J.S.A.* 40:55D–70(d). Plaintiff also states that if it has the right of appeal to city council from a variance proceeding completed at one time, the act of bifurcation does not diminish its right of appeal to question all parts of the variance determination. This is especially clear since the

initiation of this proceeding having commenced in 1983 predated the statutory amendment relied upon by intervenor. Plaintiff contends that intervenor is estopped to deny plaintiff's right of appeal to the governing body. The facts are clear. Intervenor's attorney admitted in oral argument that his opinion, prior to the oral argument before city council, was that council had no jurisdiction to hear the appeal. He stated that he and his client deliberately failed to raise the issue before city council and, instead, participated in full in the proceeding and did not even hint at any jurisdictional infirmity.

As that issue was not raised by the intervenor, plaintiff proceeded in what appears to be the normal course of these matters. In the event that intervenor is correct, the time within which plaintiff may appeal from the decision of the board of adjustment may have run.

*N.J.S.A.* 40:55D–17 as amended July 1, 1984 provides as follows:

a.  Any interested party may appeal to the governing body any final decision of a board of adjustment approving an application for development pursuant to subsection 57 d. (40:55D–70(d)) of this act, *if so permitted by ordinance....* [Emphasis supplied]

....

d.  The governing body may reverse, remand or affirm, with or without the imposition of conditions, the final decision of the board of adjustment *approving a variance pursuant to subsection d of section 57 P.L.1975, c. 291 (C.40:55D–70).* The review shall be made on the record made before the board of adjustment. [Emphasis supplied]

The introductory statement to the 1984 bill amending the Municipal Land Use Law states that the foregoing provisions limit appeals to the governing body to approvals of "special reasons" or use variances and gives the governing body the option of determining by ordinance whether it will offer to hear these appeals.

█ The prior amendments of the Municipal Land Use Law removed from the governing body's appeal jurisdiction all but grants by the board of adjustment of "special reasons" or use variances. *Illes v. Edison Tp. Zon. Bd. of Adj.*, 203 *N.J.Super.*

598, 609 (Law Div.1985). This was the law in effect when the site plan hearings commenced in June 1985 before the Linden Board of Adjustment. Therefore city council lacked jurisdiction over the subject matter of this appeal from the board of adjustment grant of site plan approval.

■ Since the site plan application was bifurcated from the variance application, and the variance application was heard by the board of adjustment prior to the foregoing amendment of the Municipal Land Use Law, plaintiff a·gues that the prior law should apply to the right of appeal from the site plan approval granted by the board of adjustment. Section 14, chapter 20, of the 1984 Laws amending the Municipal Land Use Law, provides that any application for development submitted to a municipal agency pursuant to lawful authority before the effective date of that amendment may be continued at the option of the applicant, and the municipal agency shall have every power it possessed before the effective date of the amendment with regard to such application. However, it is clear that for the fact that the approval of the variances in 1983 was conditioned upon subsequent site plan approval, the site plan application is a separate application. The site plan proceedings should be governed by the law in effect when these proceedings were held in 1985. In its *per curiam* opinion the Appellate Division clearly held that the judgment entered by this court affirming the variances was a final decision as to all issues and all parties.

While the Municipal Land Use Law, as amended in 1984, should apply and no election was made to have the prior law apply, it is appropriate to consider the prior law. *N.J.S.A.* 40:55D-17 provided as follows before being amended in 1984:

a. Any interested party desiring to appeal the decision of a municipal agency shall appeal to the governing body (1) any final decision of a board of adjustment approving an application for development pursuant to subsection 57 d. of this act, and (2) *if so permitted by ordinance,* any other final decision of a board of adjustment or planning board on any class of application for development. [Emphasis supplied]

. . . .

d. The governing body may reverse, remand or affirm, wholly or in part, or may modify the final decision of the planning board or board of adjustment, as the case may be.

Therefore it appears that if the City of Linden had adopted an ordinance permitting the right of appeal to the governing body from a decision of the board of adjustment granting site plan approval, then plaintiff would have had the right of appeal to the city council, assuming the 1984 amendment of the Municipal Land Use Law is not controlling. However the City of Linden did not adopt such an ordinance under the prior Municipal Land Use Law. The ordinance in effect when the variance proceedings were held in 1983 and the site plan proceedings were held in 1985 only provided for the right of appeal to the governing body from a decision of the board of adjustment granting a use variance.

As noted, *N.J.S.A.* 40:55D–17, prior to the 1984 amendment, provided for the right of appeals to the governing body from the grant of site plan approval by the board of adjustment provided the governing body adopted an ordinance permitting the same. The enabling legislation granted an optional or elective power, but absent the adoption of an ordinance providing for such right of appeal there would be no such right of appeal. *Jones v. Buford,* 71 *N.J.* 433 (1976); *Finn v. Wayne Tp.,* 45 *N.J.Super.* 375 (App.Div.1957).

Plaintiff contends that since defendant participated in the proceedings before city council they are estopped from denying the jurisdiction of city council to hear the appeal of the granting of the site plan. However plaintiff cites nothing to support this contention.

This court cannot agree with plaintiff's position for two reasons. The first being that the statutory right to appeal to the governing body conferred by the Municipal Land Use Act does not include the right to appeal the decision of a planning board granting site plan approval. *Allen v. Evesham Plan.*

*Bd.*, 137 *N.J.Super.* 359, 362 (App.Div.1975). *See also Arlington Assoc. v. Tp. Coun. Parsippany-Troy Hills*, 118 *N.J.Super.* 418 (App.Div.1972).

██ A municipality has only those powers which are delegated to it by the Legislature and by the State Constitution. *Ringlieb v. Parsippany-Troy Hills*, 59 *N.J.* 348 (1971). Therefore in this case it can be said that the powers of a municipality are wholly derivative from the Municipal Land Use Act. *See Morris v. Postma*, 41 *N.J.* 354 (1964). Therefore since the Municipal Land Use Act does not confer upon the governing body the ability to hear such an appeal, it may not do so.

██ Secondly, when a municipal agency is acting in a *quasi*-judicial fashion it must apply the same principle a court would with regard to a specific judicial problem.

Recently, Judge Milberg in *Sansone Oldsmobile v. Shrewsbury Bd. of Adj.*, 211 *N.J.Super.* 304 (Law Div.1986) set forth the principle above stated in depth, in finding that the rules of court regarding the voluntary dismissal of a cause also apply to the proceedings before a board of adjustment. As he stated in *Sansone:*

> I begin with the premise that a zoning board of adjustment is an independent administrative body acting in a *quasi*-judicial capacity. *Rogoff v. Tufariello*, 106 *N.J.Super.* 303, 308 (App.Div.1969) certif. den. 54 *N.J.* 583 (1969); *Reinauer Realty Corp. v. Nucera*, 59 *N.J.Super.* 189, 201 (App.Div.1960) certif. den. 32 *N.J.* 347 (1960); *see Kramer v. Bd. of Adj., Sea Girt*, 45 *N.J.* 268, 282 (1965). While its function is terms *"quasi*-judicial," a board of adjustment "partakes of the judicial nevertheless." *Handlon v. Belleville*, 4 *N.J.* 99, 104 (1950); *West Milford Tp. Plan. Bd. v. Tp. Counc.*, 123 *N.J.Super.* 135, 144 (Law Div.1973), accordingly, many of the principles and doctrines developed by and for the courts have devolved upon proceedings before boards of adjustment and other administrative tribunals. *See generally, Hill Homeowners v. Passaic Bd. of Adj.*, 129 *N.J.Super.* 170, 178–179 (Law Div.1974), aff'd 134 *N.J.Super.* 107 (App.Div.1975) [at 310].

██ This court is in full agreement with these principles, as they relate to actions before the governing body, and, as such, finds that the governing body could not have jurisdiction over the appeal in this case because the parties neither consented to nor waived their objection to the jurisdiction. Moreover, a

court's jurisdiction over a particular subject matter cannot be supplied by the consent of the parties or by waiver resulting from a party's failure to object to jurisdiction. *Lay Faculty Ass'n of Regional Secondary Schools of Archdiocese of Newark v. Roman Catholic Archdiocese of Newark,* 122 *N.J.Super.* 260 (App.Div.1973). *See also Reilly v. Lasso,* 166 *N.J.Super.* 404 (Cty.D.Ct.1979).

It is therefore this court's opinion that the parties could not consent to the governing body having jurisdiction of the appeal in this matter.

The complaint is dismissed. Please submit judgment accordingly within ten days.