236 N.J. Super. 104 (1989)
564 A.2d 146
PARAMUS MULTIPLEX CORP., RKO CENTURY WARNER THEATRES, INC., AND RIALTO THEATRE CORP., PLAINTIFFS,
v.
HARTZ MOUNTAIN INDUSTRIES, INC., THE VILLAGE OF RIDGEFIELD PARK, PLANNING BOARD OF THE VILLAGE OF RIDGEFIELD PARK AND THE RIDGEFIELD PARK REDEVELOPMENT AGENCY, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided August 26, 1987.
Revised May 16, 1989.
*106 Robert J. Inglima and Robert J. Inglima, Jr., for plaintiffs (Robert J. Inglima, attorney).
David A. Waters and Kenneth D. McPherson, Jr., for defendant Hartz Mountain Industries, Inc., (Waters, McPherson, McNeill, attorneys; Kenneth D. McPherson, Jr. on the brief).
Martin T. Durkin and Priscilla M. Boggia for defendants Village of Ridgefield Park and the Ridgefield Park Redevelopment Agency (Durkin & Boggia, attorneys; Priscilla M. Boggia on the brief).
Patrick N. Quirk and Michael J. Muller for defendant Planning Board of the Village of Ridgefield Park (Quirk & Gallagher, attorneys; Michael J. Muller on the brief).
MARGUERITE T. SIMON, J.S.C.
This matter is before the court on appeal from the Planning Board of the Village of Ridgefield Park which granted site-plan and variance approval to defendant, Hartz Mountain Industries, *107 Inc., for construction of an office building of approximately 160,000 square feet and a theatre of approximately 69,000 square feet. The application involves a 13.08-acre site and is phase two of a redevelopment plan involving a total of about 46 acres in a former solid-waste landfill area.
Although testimony indicated some confusion as to their interrelationship, plaintiffs, RKO Century Warner Theatres Corp. (RKO) and Paramus Multiplex Corp. (Multiplex) operate a tenplex movie theatre on Route 4 in Paramus, six to eight miles from the site in question. RKO also operates a movie theatre complex on Route 17 in Paramus and several theatres in adjoining counties. Plaintiff, Rialto, operates a movie theatre in the Village of Ridgefield Park.
RKO appeared by counsel at the planning board proceedings and sought to cross-examine witnesses and present testimony as an interested party under the Municipal Land Use Law, N.J.S.A. 40:55D-4. The board denied this request. Plaintiffs, Multiplex and Rialto, have joined in this lawsuit but did not seek to appear before the municipal agency.
The second count of the complaint challenged the blight proceedings and redevelopment plan entered into before 1981 between the municipality and Hartz Mountain Industries (Hartz). This count was dismissed upon prior motion as being untimely. The remaining allegations raise several significant issues, the most important being a delineation of the limits of the concept of "interested party" under the Municipal Land Use Law.

Standing.
Does a competitor have the right to appear before a municipal agency to challenge a land use application by an entity engaged in the same business where, other than to increase competition, the municipal action would have no impact upon the present or prospective property rights of the party seeking to appeal? This court answers in the negative.
*108 At the planning board hearing, counsel for RKO cited Home Builders League of So. Jersey, Inc. v. Tp. of Berlin, 81 N.J. 127 (1979), as authority to confer standing. In order to more fully ascertain the impact upon plaintiff RKO (the only party who sought to appear before the municipal agency), this court looked for guidance from Allen v. Planning Bd. Tp. of Evesham, 137 N.J. Super. 359, 362-363 (App.Div. 1975), and accordingly, took testimony of several witnesses. Certain findings of fact can be made from that testimony. Plaintiff RKO is a direct competitor of Loews, the intended operator of the proposed multi-unit cinema complex. This theatre complex would likely draw patrons from the same general area as those currently patronizing RKO's cinema complexes. RKO never directly negotiated for this site or for a theatre site in the immediate area of the application, but presented general testimony that it is always interested in new locations and it would be barred from this location by a grant of the application.
A comment by the court triggered testimony that should Loews show a certain film in Ridgefield Park, RKO may be precluded by the distributor from showing the same film in Paramus. It is not necessary to rule as to whether preclusion of the showing of the same movie would impact upon a property right and confer standing as this testimony is specifically discounted for its lack of credibility. Deposition testimony of George Jacobs, Assistant Vice-President of Hartz, read into the record by counsel for plaintiffs dealt specifically with the impact upon patronage of the same movie playing in both Paramus and Ridgefield Park. This court finds that the parties contemplate the same films being available at the same time to both competitors.
Plaintiffs cite language to the effect that where substantial public interest is involved, slight private interest is sufficient to confer standing. Home Builders, supra at 132 (citing Elizabeth Federal S. & L. Ass'n v. Howell, 24 N.J. 488, 499 (1957)). They then refer to the substantial public interest involved in this application. Clearly, any project this large will impact *109 upon the surrounding area and that impact cannot be undervalued. However, this case does not involve a constitutional or other question having potential restrictive impact upon the rights of other parties in the manner of Home Builders, supra, or So. Burl. Cty. N.A.A.C.P. v. Mt. Laurel Tp., 67 N.J. 151 (1975), cert. den. 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975).
Standing under the Municipal Land Use Law is broad. It provides that at a hearing on an application for development, the right of cross-examination shall be permitted to all interested parties. N.J.S.A. 40:55D-10(d).
"Interested party" means (a) in a criminal or quasi-criminal proceeding, any citizen of the State of New Jersey, and (b) in the case of a civil proceeding, in any court or in an administrative proceeding before a municipal agency, any person, whether residing within or without the municipality, whose right to use, acquire or enjoy property is or may be affected by any action taken under this act, or whose rights to use, acquire or enjoy property under this act, or under any other law of this State or of the United States have been denied, violated or infringed by an action or a failure to act under this act. [N.J.S.A. 40:55D-4]
The same concept of interested party is used to determine standing to appear in the municipal agency as well as to bring certain appeals to the governing body, N.J.S.A. 40:55D-17. Similarly, under the enforcement section of the statute "the proper local authorities of the municipality or an interested party in addition to other remedies may institute any appropriate action." N.J.S.A. 40:55D-18.
The planning and zoning requirements of the Municipal Land Use Law are regional and statewide in scope. N.J.S.A. 40:55D-2(d). Levin v. Township of Parsippany-Troy Hills, 82 N.J. 174, 179 (1980). Even before the enactment of this law, standing to contest action of a municipal agency was not limited to taxpayers of a municipality. Walker v. Stanhope, 23 N.J. 657 (1957). However, the standing of a taxpayer in a municipality has traditionally been less stringently challenged than that of a non-resident of that municipality. See Allen v. Planning Bd. Tp. of Evesham, supra; Rose v. Chaikin, 187 N.J. Super. 210 (Ch.Div. 1982); Aurentz v. Planning Bd. of Tp. of Little Egg Harbor, 171 N.J. Super. 135 (Law Div. 1979). It was apparently *110 with this concept in mind that Rialto was joined as a plaintiff in this lawsuit and it was with this consideration that the present in lieu of prerogative writs action survived a motion to dismiss for lack of standing.
Whether RKO had standing to appear before the village planning board is the difficult issue here and forces the court to draw certain limits on the broad concept of interested party. A factual finding has been made that the granting of this application impairs no present or future property right of RKO other than to significantly increase competition. Plaintiff argues that the clear language of the statute provides that increased competition is sufficient to meet the definition of interested party. This court holds that increased competition does not affect a right to "use, acquire or enjoy property" and does not of itself confer standing.
Rose v. Chaikin, supra 187 N.J. Super. at 221-222, discusses the concept of interested party and considers the showing required to be minimal. The traditional requirement of "special damages," which plaintiff there had sustained, is the most required to confer standing. Absent such special damages, some kind of invasion of property right or denial of benefits of a zoning plan is required. Ibid. It must be remembered that this legislation involves the use of land and its language refers to the right to "use, acquire or enjoy property." Here there are no "special damages" and there is no present or future restrictive impact on plaintiff as was shown in Home Builders League of So. Jersey, Inc. v. Tp. of Berlin, supra and Walker v. Stanhope, supra.
Home Builders involved size restrictions in Voorhees and "the size requirements foreclose their opportunity to construct small houses at lower prices for which there is a substantial market." 81 N.J. at 134. Walker involved a regulation of trailer camps and plaintiff was a retail seller of trailer homes. Here, no deprivation or restriction of commercial opportunity of plaintiff RKO, other than competition, are or will be affected by *111 a Loews' theatre. Although New Jersey's definition of standing in land use applications may indeed be more liberal than that of its neighbor, this court would agree with the New York Court of Appeals that "the threat of increased business competition ... is not an interest protected by the zoning laws." Sun-Brite v. Board of Zoning, 69 N.Y.2d 406, 415, 515 N.Y.S.2d 418, 422, 508 N.E.2d 130, 134 (1987).
The limit to the very liberal requirements for standing in zoning cases must be drawn at this point. The court is compelled to consider the definition in its context as dealing with the use, enjoyment or acquisition of land as well as to consider public policy applications. Allowing the threat of increased competition to confer standing could open a new and inappropriate battleground for business competition: the planning and zoning boards of each municipality in the State. This battleground would unduly tax the resources of our municipalities as well as impair our commitment to a free enterprise system.

Parking Garage.
The application in question contains a four-story parking facility at the base of the office building. Plaintiffs allege that this parking area constitutes a parking garage, that parking garages were not a permitted use in the zone in question, and therefore, the planning board was without jurisdiction to hear this application. The ordinance in effect at the time of the application contained some ambiguity in its definition of "off-street parking and loading" in the OP (office park) zone. That ordinance referred to "parking and loading areas under or within the structure" in the area, yard and bulk regulations for the OP zone in question. The zone included and still includes as permitted uses motels, hotels, convention center, theatres and other large structures. Plaintiffs refer to the fact that other zones specifically referred to "parking garages" to infer that they were not permitted in this zone.
*112 The zoning ordinance on the OP zone has since been amended to specifically refer to "parking garages" as a permitted use in this district. Plaintiffs have received no vested rights and the time-of-decision rule would apply to the present application. Kruvant v. Mayor & Council Tp. of Cedar Grove, 82 N.J. 435 (1980); Donadio v. Cunningham, 58 N.J. 309 (1971). Accordingly, the argument of plaintiffs, that this matter requires a use variance and must be remanded to the board of adjustment, is without merit.

Planning Board Approvals.
Plaintiffs allege that applicant Hartz received favored treatment by the Planning Board of the Village of Ridgefield Park because the municipality owns the land which is leased to Hartz under a long-term lease pursuant to a redevelopment plan under the Blighted Areas Act. N.J.S.A. 40:55-21 et seq. The constitutionality of that act has long been recognized. Levin v. Tp. Committee of Tp. of Bridgewater, 57 N.J. 506 (1971); Wilson v. Long Branch, 27 N.J. 360 (1958). No matter who owns the property subject to a land-use application, the court must review that application by the same standard.
The standard of review of the action of the municipal agency is whether the actions of the agency were "arbitrary and capricious." Kramer v. Bd. of Adjust., Sea Girt, 45 N.J. 268 (1965). This application required consideration of three (c) or bulk variances: one for total number of parking spaces involving shared parking between the office building and the theatre, one for four rather than two curb cuts on the parcel, and the third for parking more than 200 feet from the building. Plaintiffs maintain that additional bulk variances should have been required, but they are not pleaded in the complaint and are not part of the record below. See Bove v. Bd. of Adjust. of Emerson Borough, 100 N.J. Super. 95 (App.Div. 1968). Plaintiffs also refer to the amended resolution of the planning board changing lot size as indicative of arbitrariness. This amendment *113 refers to a typographical error indicating acreage as 13.88 when it should be 13.08 and cannot assume more importance than clerical error.
Were the actions of the planning board based rationally on the testimony before them? The actions of the board must have a rational basis in fact. Bayshore Sew. Co. v. Dept. of Env., N.J., 122 N.J. Super. 184, 199 (Ch.Div. 1973). This must be shown through "adequate findings of fact fairly supportable by the record." Amato v. Randolph Tp. Planning Bd., 188 N.J. Super. 439, 453 (App.Div. 1982).
A review of the transcript indicates sufficient credible evidence to support the board's action. The record indicates the testimony of the board's own traffic expert to be similar to that of applicant's expert. Number five of the board's resolution approving the application refers to the nature of the traffic generated as testified by the experts as appropriate for shared parking and the grant of the variance for same. There was sufficient testimony as to the size and shape of the parcel, including natural boundaries, to form a basis for number six of the resolution of the board granting variances for curb cuts and parking in excess of 200 feet from the building. Each comment of each board member taken individually may not have been wholly appropriate. However, the record as a whole indicates a thoroughly rational basis for grant of the variances in light of the standards set forth in N.J.S.A. 40:55D-70(c)(1) and (2). O'Donnell v. Koch, 197 N.J. Super. 134 (App.Div. 1984). The negative criteria were also met on this former landfill site which is separated from residential areas by Interstate Highway 95. The concerns for fire safety expressed by the village fire marshall were fully addressed by the condition in the approval which required fire safety measures in excess of the building code specifications and the conditions for state agency approvals were totally appropriate under the circumstances of the application. It has long been clear that the board has power to impose conditions upon an application. Walle v. Bd. *114 of Adjust. Tp. of So. Brunswick, 124 N.J. Super. 244 (App.Div. 1973).
Therefore, this court is satisfied, based upon the record below, that this application warrants the granting of site-plan approval and the variances for parking and curb cuts.
Affirmed.