267 N.J. Super. 422 (1993)
631 A.2d 992
THE CAR SPA, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HIGH TECH OF S & C, INC., ZONING BOARD OF ADJUSTMENT OF THE CITY OF PERTH AMBOY AND THE CITY COUNCIL OF THE CITY OF PERTH AMBOY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 28, 1993.
Decided October 13, 1993.
*423 Before Judges STERN, KEEFE and BILDER.
Frizell & Pozycki, attorneys for appellant (Eric A. Litvak, of counsel and on the brief and on the reply letter brief).
Cole, Schotz, Bernstein, Meisel & Forman, attorneys for respondent High Tech of S & C, Inc. (Wendy M. Berger on the brief).
Alfred J. Petit-Clair, Jr., attorney for respondent Zoning Board of Adjustment of the City of Perth Amboy.
Dennis Gonzalez, Corporation Counsel for respondent the City Council of the City of Perth Amboy (Mr. Gonzalez on the letter brief).
PER CURIAM.
Plaintiff appeals from a judgment of the Law Division which upheld a decision of the Perth Amboy City Council sustaining a resolution of its Board of Adjustment and granting use and bulk variances, design waiver and preliminary site plan approval permitting defendant High Tech S & C, Inc. to use its property as a car wash and automobile lubrication facility.
The judgment is affirmed. The sole plaintiff operates a full service car wash facility located in Hope Lawn, New Jersey, approximately two miles from High Tech's location in Perth Amboy. Under the circumstances, we conclude that plaintiff, a non-resident competitor, is not an "interested party" with standing to challenge the resolution of the Perth Amboy Board of Adjustment. See N.J.S.A. 40:55D-4; Paramus Multiplex Corp. v. Hartz Mtn. Ind. Inc., 236 N.J. Super. 104, 107-111, 564 A.2d 146 (Law Div. 1987). See also Cox, New Jersey Zoning and Land Use Administration (1993), § 27-2. Cf., Walker v. Stanhope, 23 N.J. *424 657, 130 A.2d 372 (1957) (deprivation of commercial opportunity was sufficient stake to permit non-resident to challenge ordinance restricting use of mobil homes outside of trailer camps).
Plaintiff insists that the denial of a motion for summary judgment on standing grounds in a prior Law Division action in which an individual, apparently a principal or predecessor of High Tech, commenced suit and endeavored to overturn the City Council's action on Car Spa's first appeal from the Board of Adjustment's initial action, is res judicata and constitutes "law of the case." However, the prior Law Division action was dismissed by stipulation "without prejudice" by the parties in that case (Stephen L. Bernard v. The Mayor and City Council of the City of Perth Amboy) after summary judgment was denied, and the denial of summary judgment does not constitute a disposition on the merits.
We are satisfied that the judgment should be affirmed on the merits, even if plaintiff had standing.
Affirmed.