109 N.J. Super. 488 (1970)
263 A.2d 810
IN THE MATTER OF SHELTON COLLEGE.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1970.
Decided April 7, 1970.
*489 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Alfred C. Clapp argued the cause for Shelton College (Messrs. Clapp & Eisenberg, attorneys).
Mr. Michael L. Bitterman, Deputy Attorney General, argued the cause for New Jersey Board of Higher Education (Mr. Clinton E. Cronin, Assistant Attorney General, of counsel; Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
Shelton College, pursuant to leave granted, appeals from a decision of the Board of Higher Education, Department of Higher Education, State of New Jersey, that hearings before the Board may be held with less than a quorum of the entire Board present. For reasons hereinafter stated, we affirm.
*490 In May 1969 the Board adopted a resolution to conduct hearings to determine whether or not the standards for the conferring of the degree of Bachelor of Arts at Shelton College were satisfactory and whether that institution's license to confer degrees should be continued or revoked. Pursuant to the resolution some five separate hearings have been held before the Board, made up of 15 voting members plus two ex officio nonvoting members. A quorum of the Board consists of eight of the voting members. At each of the five hearings to date, the same eight voting members have been present. It is undisputed that the Board's decision must be by a quorum of its voting members.
The problems encountered by the Board during the course of the hearings are aptly described in the letter decision of January 9, 1970 sent to counsel for Shelton College.
As you are aware, the hearings in this matter were originally scheduled for June 11 and 12, 1969, and postponed to June 26 at the request of Shelton College. Hearings were then held on June 26 and 27, and then due to conflicting schedules involving problems of individual members of the Board and of counsel for Shelton College, could not be contniued until June 30, 1969. Unfortunately, Robert Gorman, Esq., of your office, became seriously ill several days prior to June 30, 1969, and the hearing set for that date and thereafter had to be postponed. Due to again conflicting schedules of Board members and counsel for Shelton College, the hearings were not resumed again until October 9, 1969. From that date the hearings were again adjourned until December 11, at which time the fourth day of hearings was held with the fifth day of hearings, being held on December 13, 1969, a Saturday. This unusual Saturday date was scheduled, as you are aware, solely as all other dates seem to run into conflicts in schedules again. At the present pace, one can make no prediction what ever as to when the hearings can be concluded, in that your office has reported that they have a great many lengthy witnesses which they desire to be heard.
Among the additional practical problems facing the Board and the fact that the eight members of the Board of Higher Education hearing this matter are all persons who have demanding schedules of their own in their private professional lives, since only members have been present at all of the hearings and since eight is the number constituting a quorum of the entire Board of Higher Education, the absence of even one member would, according to the position of Shelton College, deprive the Board of any authority to hear this case. This is extremely significant in that should one of *491 the members for professional reasons resign from the Board and relocate into another state or be incapacitated for any reason, the Board would be rendered powerless to do anything but terminate the hearings and begin them all over again.
Because of these difficulties in scheduling, the Board decided that subsequent hearings could be held with less than a quorum of the entire Board present. The decision also provided that the transcript of the entire case, together with all exhibits, would be provided to every member of the Board. Implicit in the Board's decision is the proposition that a Board member who is furnished with full transcripts and exhibits would be eligible to participate in the ultimate determination, whether or not he or she actually attends all of the hearings.
Shelton College argues on this appeal that the decision of the Board is erroneous and contrary to law. Reliance is placed on Asbury Park v. Dept. of Civil Service, 17 N.J. 419 (1955) and cases therein cited, for the proposition that, in the absence of statutory authorization for a different procedure, only those members of the Board who actually hear the evidence can participate in a decision of the Board.
In effect, Shelton contends that the same quorum of Board members who have attended the five hearings to date must continue to sit in all remaining hearings, and if any Board member comprising such quorum fails to attend any of the remaining hearings, it would render the entire proceedings void.
We conclude that the Board's decision is not at odds with the principle enunciated in Asbury Park, supra, that fair play is plainly denied when a trier of fact who has not heard and evaluated all the evidence infiuences the decision by his participation in the deliberations by which it is reached.
The Board of Higher Education exists by virtue of statute. The proceedings in question are being conducted under N.J.S.A. 18A:68-7, which empowers the Board to revoke the approval given by it to an institution of learning to *492 grant a degree, after notice and hearing and proof to the satisfaction of the Board that standards established for the conferring of a degree are not being satisfactorily complied with by such institution. The statute also provides that:
The board of higher education shall have all powers, in addition to those specifically provided by law, requisite to the performance of its duties. [N.J.S.A. 18A:3-16.]
In Laba v. Newark Board of Education, 23 N.J. 364 (1957), the Supreme Court, in referring to the broad powers vested in administrative tribunals created by the school laws, said:
Absent specific legislative direction, the administrative tribunals may mould their own procedures so long as they operate fairly and conform with due process principles. [at 382]
This holding is in accord with general principles of administrative law. See 2 Am. Jur.2d, § 437, at 245; 2 Davis, Administrative Law Treatise, § 11.02, at 41 (1958). The recent cases reflect the policy of allowing administrative agencies to develop appropriate procedures for hearing matters that come before them. F.T.C. v. Flotill Products, Inc., 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (1967); Younger Brothers, Inc. v. United States, 238 F. Supp. 859 (S.D. Tex. 1965); Younkin v. Boltz, 241 Md. 339, 216 A.2d 714 (Md. Ct. App. 1966). As noted in Laba, supra, 23 N.J., at 383, "* * * if administrative tribunals are to be permitted to function effectively they likewise must have broad powers to adjust their procedures in furtherance of their proper objectives."
It is generally held that the requisites of an administrative fair hearing are satisfied so long as one who participates in the ultimate decision reads and considers all of the evidence presented. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936); 2 Am. Jur.2d, supra; Davis, supra. Indeed, in Asbury Park, supra, *493 relied on by appellant, our Supreme Court made new findings and an independent determination of the administrative issue, based on its reading of the transcripts of the hearings.
The Board's decision that it may continue the hearings with less than a quorum of the entire Board present, subject to a transcript of the entire case together with all exhibits being provided to every member of the Board, is a realistic approach to the problem. We are satisfied that it is a fair and reasonable one, and is not in conflict with the statute, or case law.
Appellant concedes that no principles of due process are involved. However, it points out that a full quorum of the Board has been sitting in all of the hearings to date, during which almost the entire "State's case" has been presented. Shelton argues that it would be unfair to have its case presented at hearings at which less than the same full quorum was present, and that the members of the Board who are to participate in the decision should observe and hear Shelton's witnesses so as to fully know and respect their character and thus know the character of the institution whose license the State now asks the Board to revoke.
We find no disadvantage or prejudice to Shelton. The issue is whether Shelton has satisfactorily complied with standards estabilshed for the conferring of a degree. This question can be fairly and intelligently resolved on the record without requiring the full quorum of the Board to attend all of the hearings.
Affirmed.