118 N.J. Super. 418 (1972)
288 A.2d 293
ARLINGTON ASSOCIATES, A NEW JERSEY PARTNERSHIP AND ARLINGTON SHOPPING PLAZA, INC., A NEW JERSEY CORPORATION, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP COUNCIL OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS ET AL. DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1972.
Decided March 3, 1972.
*419 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. H. Lee Sarokin argued the cause for appellants (Messrs. Lasser, Lasser, Sarokin and Hochman, attorneys; Messrs. Shepard A. Guryan and Michael D. Botwin, on the brief).
Mr. Philip R. Glucksman argued the cause for plaintiffs-respondents (Messrs. Glucksman and Weitzman, attorneys).
Mr. Robert C. Garofalo argued the cause for defendants-respondents (Messrs. Ryan, Foster & Garofalo, attorneys).
Mr. David Simon appeared for defendant-respondent The Planning Board of the Township of Parsippany-Troy Hills.
PER CURIAM.
This is an appeal from the entry of summary judgment in the Law Division, Morris County, in three *420 actions which were consolidated prior to trial. All three actions involve the attempts of plaintiff Arlington Associates to construct a shopping center on property owned by it in defendant township on State Highway 46. The trial judge found that no genuine issue as to material facts existed with respect to the validity of section 401.9 of the township's zoning ordinance, the validity of the planning board's approval of plaintiff's site plan, and the right of citizens to appeal the approval of the site plan by defendant planning board.
We reverse the summary judgment and remand for a plenary trial, with the following observations:
(1) We find no statutory or other basis for the appeal to the governing body from an approval of a site plan by a planning board. The provisions of N.J.S.A. 40:55-1.19 relate to subdivisions and are intended to apply only to subdivision matters. This conclusion was established in Kotlarich v. Mayor, etc., Ramsey, 51 N.J. Super. 520, 531 (App. Div. 1958).
(2) We conclude that section 401.6 of the township zoning ordinance is in no matter applicable to the situation presented in this case; that section of the ordinance deals with driveways which give access directly onto a public street. That situation is not presented here.
(3) The majority vote of a quorum of a planning board is sufficient for action by a planning board. It is not necessary that a member of a planning board be present at every session of the board at which a particular matter is considered in order for that member to be eligible to vote on that matter, unless it is shown that testimony was taken at a hearing at which a voting member was not present, and that testimony was not transcribed for consideration by the absent member. Other evidence, such as maps and written exhibits, may be reviewed by an absent member prior to a vote being taken. We do not find McAlpine v. Garfield Water Com'n, 135 N.J.L. 497 (E. & A. 1947), or Highpoint, Inc. v. Bloomfield Planning Board, 80 N.J. Super. 570 (Law Div. 1963), rev'd 87 N.J. Super. 58 (App. Div. 1964) apposite. *421 McAlpine involved testimony and Highpoint involved the vote of several new members of a planning board just elected. The proper rule is that all board members need only be sufficiently informed of all matters before the board prior to a decision so as to insure an intelligently advised vote. See Taub v. Pirnie, 3 N.Y.2d 188, 165 N.Y.S.2d 1, 144 N.E.2d 3 (Ct. App. 1957). On remand the vote of any member of the planning board in this matter should be examined in light of the principles just enunciated.
(4) We find the record before us completely deficient for purposes of determining the validity or applicability of the newly adopted section 401.9 of the township zoning ordinance. We have grave doubt, based on what is before us presently, as to the inclusion of "local streets" within the provisions of this section. We have difficulty in justifying the general prohibition of access to a property by a back or side street simply because the property fronts on a "primary arterial road." This question should be explored at the plenary hearing.
We find no merit to the other points raised on this appeal.
The judgment is reversed and the matter remanded for a plenary trial. No costs.