

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

August 27, 1992

Mr. Gerard Swain
Acting Executive Director
Texas Board of Licensure
  for Nursing Home Administrators
4800 North Lamar, Suite 310
Austin, Texas 78756-3177

Opinion No. DM-160

Re: Whether, under article 4442d, V.T.C.S., the presence of *ex officio* members of the Texas Board of Licensure for Nursing Home Administrators is considered in determining whether a quorum of the board is present, and related questions (RQ-310)

Dear Mr. Swain:

You have asked our opinion about sections 3(1) and 8(a) of the Nursing Home Administrators Licensure Act (the "act"), V.T.C.S. article 4442d. Section 3(1) of the act establishes the Texas Board of Licensure for Nursing Home Administrators (the "board") and states that the board "shall consist of nine (9) members." One of the nine members must be a licensed physician; one member must be an educator, a psychiatrist, or a psychologist; four members must be licensed nursing home administrators; and the remaining three members must be representatives of the general public. V.T.C.S. art. 4442d, § 3(1). In addition to these nine members, the statute provides for three *ex officio*, nonvoting members: the Commissioner of Human Services, or his or her designee; the Commissioner of Health, or his or her designee; and the Executive Director of the Texas Department on Aging, or his or her designee. Section 8(a) authorizes the board to promulgate, alter, or abolish rules and regulations upon approval by a two-thirds majority of the board.

Your questions are as follows:

    1. What constitutes a quorum of the Board? Do the *ex officio* members count toward the quorum?

    2. What constitutes a "two-thirds majority of the Board"? For example, if all nine voting members are present at a

meeting, would the required number of votes to adopt a rule be
six (6) or seven (7)?  If one (1) voting member were absent from
a meeting, would the "two-thirds majority of the Board" be based
upon the number in attendance (eight [8]) or the number of
appointed, approved, and sitting members (nine [9])?

Before answering your first question, we would like to clarify the status of an
*ex officio* board member.  An *ex officio* board member is a person who has become a
member of a board by virtue of an elected or appointed office that person holds; no
further appointment is necessary.  32A C.J.S. *Ex officio* at 851 (1964).  *Ex officio* thus
refers only to the means by which a person becomes a member of a board.  By itself,
*ex officio* membership status does not make an *ex officio* member inferior to an
appointed member.[1]  Under this particular act, however, *ex officio* members of the
board cannot vote.

With reference to this act, we believe that the legislature did not intend that
the *ex officio* members be counted for purposes of determining whether a quorum is
present.  The first sentence of section 4(3) of the act provides that "at any meeting a
majority of the board shall constitute a quorum."  Neither the act nor the Open
Meetings Act, to which the board is subject (V.T.C.S. art. 4442d, § 3(11)), state
whether *ex officio* members are included in determining the presence of a quorum.[2]
*See* V.T.C.S. art. 6252-17, §§ 1(a), (b), (d); 2.  We turn, therefore, to the common
law, to which governmental bodies also are subject.  Attorney General Opinion
DM-95 (1992) at 1-2.

Under the common law, the purpose underlying the concept of a "quorum" is
that "when the required number of persons go into a session as a body, the votes of
the majority thereof are sufficient for binding action."  74 C.J.S. *Quorum* at 171
(1951).  Thus, "quorum" signifies that number of the members of a body that is
legally qualified to transact business by voting.  *Ramirez v. Zapata County Indep.
Sch. Dist.*, 273 S.W.2d 903, 905 (Tex. Civ. App.–San Antonio 1954); *Bedford County*

---

[1]Interestingly, when the legislature adopted the act in 1969, the act did not preclude the *ex
officio* members from voting.  *See* Acts 1969, 61st Leg., ch. 411, § 3, at 1357.  The legislature changed
the *ex officio* members' status to nonvoting in 1979.  *See* Acts 1979, 66th Leg., ch. 591, at 1226.  We
found no legislative history indicating the intent behind this change.

[2]We note that the act provides that the board also is subject to the Administrative Procedure
and Texas Registry Act (APTRA), V.T.C.S. art. 6252-13a.  V.T.C.S. art. 4442d, § 3(11).  Nothing in
APTRA answers your questions.

*Hosp. Dist. v. County of Bedford*, 304 S.W.2d 697, 704 (Tenn. Ct. App. 1957) ("quorum" ordinarily means majority of all members entitled to vote); 74 C.J.S., *supra.* *Ex officio* members who are unqualified to vote are unqualified to transact business on behalf of the governmental body. In our opinion, therefore, the *ex officio*, nonvoting members on the board should not be counted in determining whether a quorum is present. *See* Gov't Code § 312.004; *see also League Gen. Ins. Co. v. Michigan Catastrophic Claims Ass'n*, 458 N.W.2d 632, 636 (Mich. 1990) (not counting *ex officio*, nonvoting member in determining presence of quorum); *In re Shelton College*, 263 A.2d 810, 811 (N.J. Super. Ct. App. Div. 1970) (same). *But see Petition of Kinscherff*, 556 P.2d 355, 357 (N.M. Ct. App. 1976), *cert. denied sub nom., Sandoval County Valuation Protests Bd. v. Kinscherff*, 558 P.2d 620 (N.M. 1976).[3]

Accordingly, we believe that this portion of section 4(3) should be interpreted as requiring a majority of the appointed, voting members of the board -- and not the persons holding *ex officio*, nonvoting positions -- in determining whether a quorum is present. This construction is consistent with the only practical construction of the remainder of section 4(3), which specifies that "[b]oard members shall receive a per diem of $25.00 while engaged in board business together with actual and necessary expenses." Because his or her participation in board business is considered a function of the particular office the *ex officio* member holds, an *ex officio* member does not receive a per diem. Thus, "board members" as used in the remaining sentence of section 4(3) of the act does not include persons holding *ex officio* positions.[4]

---

[3]Indeed, construing the statute to require that *ex officio*, nonvoting members be included in the number necessary for a quorum would be nonsensical. For instance, if the *ex officio*, nonvoting members were to be included in the quorum calculation, the number of members necessary for a quorum would be seven. If all three *ex officio* members attended a meeting, along with four appointed, voting members, a quorum would be present, and the board could proceed to conduct business. Despite the presence of a quorum, however, the board could not finally promulgate, alter, or abolish any rules or regulations because the board could not generate a two-thirds majority vote on any issue. *See infra* p. 4 (explaining number of members necessary to constitute two-thirds majority).

[4]Likewise, section 4(4) of the act requires each "member of the board" to be present for at least one-half of the board's regularly scheduled meetings held each year. Failure to attend the requisite number of meetings results in the board member's automatic removal from the board. V.T.C.S. art. 4442d § 4(4). As we discussed *supra*, an *ex officio* board member is a member solely by virtue of an elected or appointed office that person holds. In other words, *ex officio* membership on the board attaches to the person's office. The officeholder cannot be removed from his or her *ex officio* position as a result of the officeholder's failure to attend a certain number of meetings. Thus, "[e]ach

Your second question pertains to section 8(a) of the act, which authorizes the board to promulgate, alter, or abolish rules and regulations upon "approval by a two-thirds majority of the [b]oard." In determining the number of votes necessary to constitute a two-thirds majority, the board counts only those members who are qualified to vote, whether or not all qualified members are present at the meeting.[5] *See City of Alamo Heights v. Gerety*, 264 S.W.2d 778, 780 (Tex. Civ. App.--San Antonio 1954, writ ref'd n.r.e.); 63 A.L.R.3d 1072, 1081-82 (1975). On its face, section 8(a) requires only a "two-thirds majority"; the section does not require two-thirds plus one. Accordingly, if all nine voting members of the board are qualified to vote, the board must promulgate, alter, or abolish a rule or regulation by at least six votes. If fewer than nine voting members are qualified to vote, the board multiplies the number of qualified voting members by two-thirds to determine the number of votes necessary to promulgate, alter, or adopt a rule or regulation.[6]

## S U M M A R Y

Under section 3(1) of the Nursing Home Administrators Licensure Act, V.T.C.S. article 4442d, for purposes of determining the number of members of the Texas Board of Licensure for Nursing Home Administrators sufficient to constitute a quorum, the board must base its calculation only on the total number of appointed, voting board members. *Ex officio*, nonvoting members are not counted for purposes of determining the presence of a quorum. Under section 8(a) of the same act, which requires the board to promulgate, alter, or abolish a rule by a two-thirds majority vote, the board calculates the number of votes needed for a majority by multiplying by two-thirds the number of members qualified to vote (provided that a sufficient number of members are present at the meeting

---

(footnote continued)

member of the board," as that phrase is used in section 4(4) of the act does not include *ex officio* members.

[5]Here again, we see that the statute refers to "the board" generally, when such term logically can refer only to the appointed, voting members of the board.

[6]Of course, a quorum must be present before the board can vote on any proposal. 67A C.J.S. *Parliamentary Law* § 6(b), at 618 (1978).

to constitute a quorum). For purposes of determining the number of votes necessary to constitute a two-thirds majority, the number of members present at the meeting is irrelevant.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General