263 N.J. Super. 567 (1993)
623 A.2d 770
HOVBILT, INCORPORATED, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF HOWELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 16, 1993.
Decided April 6, 1993.
*568 Before Judges J.H. COLEMAN, A.M. STEIN and CONLEY.
John C. Caniglia, attorney for appellant.
Ernest Bongiovanni, attorney for respondent.
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
In this tax appeal case, the taxpayer appeals from a judgment finding that an error made by the tax assessor in not assessing plaintiff's property pursuant to the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq., could not be corrected under the Correction of Errors Statute, N.J.S.A. 54:51A-7. We affirm.
The controlling facts are not disputed. In 1984, plaintiff acquired title to approximately 35 acres of unimproved land known as Lots 16 and 24, Block 142, on Route 524 at Wycoff Road, Howell Township, New Jersey. The property is raw farmland. Between the 1985 and 1990 tax years, plaintiff's application for the land to be assessed as farmland pursuant to the Farmland Act was granted. For the 1991 tax year, plaintiff also filed a timely application for a farmland assessment which *569 was never considered by the tax assessor because it was apparently misplaced or misfiled.
During June or July, 1991, plaintiff received the tax bill for the property, reflecting that the property had been assessed at its market value of $556,300 rather than as farmland. In its brief, plaintiff states that it "did not file a timely appeal for the 1991 assessment to the County Board of Taxation. Instead, the Complaint seeking relief pursuant to N.J.S.A. 54:51A-7 was filed in the Tax Court on December 11, 1991." In its complaint, plaintiff contended that if the property had been properly assessed as farmland, the real estate taxes would have been reduced by more than $2,000.
Presently, N.J.S.A. 54:51A-7 provides:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter ... enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments, provided that such complaint shall set forth the fact causing and constituting the error.... * * * The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor's opinion or judgment.
There is no legislative statement which accompanied the statute. The Tax Court in Manczak v. Dover Township, 2 N.J. Tax 529 (Tax 1981), reviewed the history of the Correction of Errors Statute (Statute). Originally, the Statute allowed correction of errors by consent of the mayor or the tax assessor of the municipality affected; however, this subjective standard encouraged abuses. Thus, in 1946 the Legislature amended the Statute, then N.J.S.A. 54:2-41, requiring an applicant to set forth the facts causing and constituting the error. Notwithstanding that amendment, the Statute still required consent of the majority of the governing body of the municipality affected.
In 1979, the Statute was again amended, specifically deleting the consent provisions. See L. 1979, c. 44, § 1. The 1979 language of the Statute was very similar to today's version of N.J.S.A. 54:51A-1. The Statute was amended a final time in 1983, adding some procedural requirements which are not relevant to this appeal.
*570 In H.G.K.W. Corp. v. East Brunswick Township, 8 N.J. Tax 454, 457 (Tax 1986), aff'd, 9 N.J. Tax 91 (App.Div. 1987), it was observed that the ultimate effect of the language of the Statute "is to permit a taxpayer to bypass the traditional and ordinary procedure for tax appeals" only if the error falls into one of the three enumerated categories and the mistake does not relate to matters of valuation involving the tax assessor's judgment or opinion. In the present case, plaintiff asserts that the only issue on this appeal is whether the error falls under the "mistakes in tax assessments" provision of the Statute. It has not been urged that the tax assessor's error can fit into either the "typographical" errors or the "error in transposing" categories of N.J.S.A. 54:51A-7.
The Statute permits the complaint to be filed during the year of the error or within the next three years. The Statute is contrary to the other provisions of Title 54 regarding tax matters which require strict adherence to time limitations. N.J.S.A. 54:51A-7 is in reality an exception to the regular tax appeal process set forth in N.J.S.A. 54:3-21 which states that "a taxpayer feeling aggrieved by the assessed valuation of his property ... may on or before April 1 [then August 15] appeal to the county board of taxation by filing with it a petition of appeal...." See L. 1991, c. 75, § 28, effective January 1, 1992.
Since the Correction of Errors Statute is an exception to the regular tax appeal process, we are convinced that the Statute must be strictly construed. It has long been held in New Jersey that exceptions to a general comprehensive statutory scheme are to be strictly construed, and that the strict construction must be consistent with manifest reason and the purpose of the general statute. Service Armament Co. v. Hyland, 70 N.J. 550, 558-59, 362 A.2d 13 (1976); Palkoski v. Garcia, 19 N.J. 175, 181, 115 A.2d 539 (1955); Salvation Army v. Alexandria Tp., 2 N.J. Tax 292, 300 (Tax 1981) (recognizing the basic principle that generally statutes granting exemptions *571 from the general taxation scheme are strongly construed against those seeking the exemption).
Beyond that, the fact that there are more than two million assessments each year, suggests to us the system will collapse unless a strict interpretation is accorded exceptions to the general tax appeal scheme. See Flint v. Lawrence Tp., 6 N.J. Tax 97, 107 (Tax 1983). An expansive reading of N.J.S.A. 54:51A-7 would mean there would be no finality prior to approximately three and one-half years for any mistake in assessment which does not relate to matters of valuation involving the tax assessor's opinion or judgment. Such an expansive reading of the Statute would mean a massive extension of "the standard August 15 [now April 1] -of-the-tax-year filing deadline to three years beyond December 31 of the tax year" in question. H.G.K.W. Corp., supra, 8 N.J. Tax at 464.
We are also persuaded that the ejusdem generis principle of statutory interpretation should be applied. See 2A Sutherland, Statutory Construction, § 47.17 (4th ed. 1985). Under this rule, when general words follow specific words in a statutory enumeration, the general words are construed to embrace only the objects similar in nature to those objects enumerated by the preceding specific words. Ibid. This technique saves the legislature from spelling out in advance every contingency in which the statute could apply. Ibid.
In the present case, application of ejusdem generis suggests that the general phrase "mistakes in tax assessment"  which follows the specific enumeration of two precise kinds of mistakes that are correctable under the Statute, "typographical errors" and "errors in transposing"  embraces only mistakes that are similar to typographical errors and errors in transposing. We do not view the failure of the tax assessor to consider an application for farmland exemption as being similar to typographical errors or errors in transposing, which are mechanical in nature.
*572 We are aware that many modern commentators have been critical of the ejusdem generis rule because it creates a manifest bias toward the strict construction of statutes. Sutherland at § 47.18. However, we have already recognized that, in the context of an exception to a general statute, strict construction is the general rule. Accordingly, we are persuaded that application of ejusdem generis is appropriate, and that a strict interpretation of the Statute is required.
To this extent, we disagree with the suggestion in Sabella v. Lacey Tp., 204 N.J. Super. 55, 59, 497 A.2d 896 (App.Div. 1985), that because N.J.S.A. 54:51A-7 is remedial in nature, it should be liberally construed. But Sabella limits its "liberalism" to those cases which "show so clearly an egregious result from an indisputable (and very significant) error." Ibid. There, the error required the taxpayer to pay four and a half times the taxes he should have paid due to a "mechanical error" which the court equated to a "typographical error" or an error "in transposing." In light of that interpretation, Sabella's discussion of a need for liberal interpretation was dictum.
Here, plaintiff argues that its case falls under the "mistakes in tax assessments" and not a "typographical error" or an error "in transposing." The erroneous assessment in the instant case was based on incorrect or incomplete information not involving typographical, transposing, or mechanical error. The assessor was simply unaware that a farmland assessment application had been filed. In Bressler v. Maplewood Tp., 190 N.J. Super. 99, 101, 461 A.2d 1218 (App.Div. 1983), we held that the Correction of Errors Statute involved there did not permit a correction of an assessment based on incorrect information. For the same reason, we reject plaintiff's arguments and hold that N.J.S.A. 54:51A-7 does not permit a correction of assessment under the category of "mistakes in tax assessments" based on incorrect information not caused by typographical, transposing, or mechanical errors. That to us, seems to be the internal sense of the statute.
The judgment dismissing the complaint is affirmed.
*573 A.M. STEIN, J.A.D., dissenting.
I, unlike my colleagues, will not run for high ground to escape the cascade of cases which they fear will besiege the 567 municipalities in this state if we permit the correction of errors statute to provide relief from anything more than misplaced or mistaken numbers or letters in the valuation recorded by the tax assessor. Nor will the Tax Court be overburdened with appeals from taxpayers seeking relief after the regular filing deadline from tax appeals to correct improper valuations resulting because the tax assessor's office negligently lost papers filed by a property owner.
There will be no such flood of increased tax appeals. As we pointed out in Sabella v. Lacey Tp., 204 N.J. Super. 55, 497 A.2d 896 (App.Div. 1985) (Sabella II):
This "floodgates" concern is not so self-evident to us.... From our standpoint, suffice it to say that persons in the same position as the taxpayer before us ought in all fairness to find this "a standard method of review." This is precisely what the Legislature intended. As to others, including those who point to decisions and assessments involving judgment or opinion, we are content that our competent Tax Court judges will quickly weed them out. [Id. at 61, 497 A.2d 896.]
This is a fact-specific case. Plaintiff's property straddles two municipalities, Freehold and Howell Townships. The property is rural land, farmed in anticipation of eventual residential development. For several years prior to 1991, both municipalities had assessed the property as farmland pursuant to the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to -23.23. In 1990, plaintiff filed farmland assessment applications with both municipalities for the tax year 1991. Freehold granted plaintiff its assessment. Howell Township did not because someone in the tax assessor's office lost the application.
The majority says that the phrase "mistakes in tax assessment" limits the correctable mistakes only to those similar to "typographical errors" and "errors in transposing," ante at 571, 623 A.2d at 773, opting for this draconian view of the statute eagerly embraced by the Tax Court judges. Manczak v. Dover Tp., 2 N.J. Tax 529, 535 (Tax 1981). See also H.G.K.W. *574 Corp. v. East Brunswick Tp., 8 N.J. Tax 454, 461 (Tax 1986), aff'd, 9 N.J. Tax 91 (App.Div. 1987); McElwee v. Ocean City, 7 N.J. Tax 355, 359 (Tax 1985); Flint v. Lawrence Tp., 6 N.J. Tax 97, 103-04 (Tax 1983). This interpretation virtually, if not completely, strikes the phrase "mistakes in tax assessment" from N.J.S.A. 54:51A-7, for I can think of nothing other than typographical or transpositional errors which would be permitted under this constricted construction of the statute.
My colleagues invoke the hoary maxim of ejusdem generis in support of this narrow interpretation of the statute. These frequently contradictory "principles" of statutory construction, like equity maxims, are interchangeable, usually invoked by the opinion's author to justify rather than resolve matters of statutory interpretation. In any event, I do not regard implementation of this maxim of statutory construction as a proper calendar control tool. Moreover, "[i]t is no answer to say that the taxpayer could have brought an ordinary appeal. It is from this very obligation, including its time constraints, that the statute was intended to provide relief." Sabella II, supra, 204 N.J. Super. at 60, 497 A.2d 896.
The majority disapproves of our prior holdings in two reported decisions that the correction of errors statute is remedial and prophylactic and should be liberally construed. Sabella II, supra, 204 N.J. Super. 55, 59, 497 A.2d 896 (App.Div. 1985); Sabella v. Lacey Tp., 188 N.J. Super. 500, 503, 457 A.2d 1220 (App.Div. 1983) (Sabella I). My colleagues regard this liberal construction of the correction of errors statute as dicta. Ante at 572, 623 A.2d at 773. I do not. After the Tax Court attempted to render our opinion in Sabella I meaningless, Flint v. Lawrence Tp., supra, 6 N.J. Tax at 104-08, we made it clear that "we think the confining and parochial view applied to this statute on this account should give way [to a liberal interpretation] when the facts, as here, show so clearly an egregious result from an indisputable (and very significant) error." Sabella II, supra, 204 N.J. Super. at 59, 497 A.2d 896.
*575 In Darel v. Pennsylvania Mfrs. Ass'n Ins. Co., 114 N.J. 416, 555 A.2d 570 (1989), Justice Clifford observed: "We are confident that the world will continue to turn if judges are allowed to correct their mistakes." Id. at 426, 555 A.2d 570. And life will continue uninterrupted if the tax assessors' offices and Tax Court judges of this state are permitted to correct mistakes such as these, which are not based on the assessor's judgment or valuation.