PER CURIAM.
The order of the Tax Court of New Jersey, dated April 21,1992, that vacated its prior order of March 11, 1992, and declared that the Borough of Paramus (Paramus) is entitled to relief under the Correction of Errors statute, N.J.S.A. 54:51A-7, for the tax years 1987, 1988 and 1989 at a total assessment of $11,827,000, and the judgment of the Tax Court, dated July 27, 1994, that dismissed Etaner Enterprises’ (Etaner) appeals with respect to its Lord & Taylor property located at Route 17 and Ridgewood Avenue in Paramus, New Jersey, for the tax years 1987 through 1992 are affirmed substantially for the reasons expressed by Judge Crab-tree in his written opinions of April 21, 1992, and July 26, 1994, respectively. We are satisfied from our study of the record and the arguments presented that the order and judgment of the Tax Court are based on findings of fact which are adequately supported by the evidence, and that all of the issues of law raised are clearly without merit. R. 2:11 — 3(e)(1)(A) and (E).
We emphasize that, contrary to Etaner’s argument, the Tax Court correctly concluded that the erroneous and very substantial under-assessment of the Lord & Taylor property should be corrected pursuant to the Correction of Errors statute, N.J.S.A. 54:51A-7. The Correction of Errors statute serves as an exception to the standard tax-appeal process which is authorized by N.J.S.A. 54:3-21, Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 604, 651 A.2d 77 (1994), by providing an extended period of relief after the deadline for appeal to the county board or Tax Court has passed. The statute was first enacted in 1905 and was amended several times. A 1979 amendment (L. 1979, c. 114, § 1, § 8) extended the right of appeal to municipalities and county boards and limited the statutory relief to only “typographical errors in transposing, and mistakes in tax assessments.” Id. at 604-605, 651 A.2d 77.
N.J.S.A 54:51A-7 currently reads:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in *220 transposing, and mistakes in tax assessments, provided that such complaint shall set forth the facts causing and constituting the error or errors and mistake or mistakes, or either thereof sought to be corrected and that such facts be verified by affidavits submitted by the plaintiff. The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment. Any complaint so submitted shall contain a certification that a copy of the complaint and all exhibits thereto have been filed with the county board, and served upon the property owner or the municipality, or both, as may be appropriate in the case of each plaintiff. Any party required to receive a copy of the complaint pursuant to this section may file an answer to the complaint with the tax court pursuant to rules of court. The tax court may require further proof and grant or deny the complaint as it may deem necessary or proper.
At issue is whether the apparent mistake generated by the computer in displaying the tax assessment constituted an error which may be corrected by N.J.S.A. 54:51A-7. The trial court, on reconsideration, held that it did, and we agree.
Several cases have considered the current formulation of the Correction of Errors statute. These cases, which involved incorrect assumptions, opinions or judgments of the assessor involved, were ruled unalterable under the Correction of Errors statute. See, e.g., Bressler v. Maplewood Tp., 190 N.J.Super. 99, 461 A.2d 1218 (App.Div.1983) (denying relief under the statute where the assessor miscalculated by failing to discount the property’s frontage to reflect its irregular depth); Van Winkle v. Rutherford Bor., 12 N.J.Tax 290 (Tax 1992) (denying relief under the statute where the tax assessor had included in his calculations the value of two adjacent parcels that were never a part of the subject parcel); Neptune Corp. v. Wall Tp., 9 N.J.Tax 80 (Tax 1987) (denying relief under the statute where the acreage included in the assessment was incorrect due to misleading information on various maps); Springfield Tp. v. Gamer, 3 N.J.Tax 92 (Tax 1981) (denying relief under the statute where the assessments did not reflect the value of the completed structure); Manczak v. Dover Tp., 2 N.J.Tax 529 (Tax 1981) (denying relief under the statute where the assessor, over a period of years, valued a residence based on the incorrect assumption that the dwelling contained a basement).
The aforementioned cases applied the ejusdem generis rule of statutory construction to limit the statutory language “mistakes in *221 tax assessments” to refer only to “mistakes like typographical errors and errors in transposing.” See Hovbilt, supra, 138 N.J. at 606-612, 651 A.2d 77. Therefore, since the errors made by the assessors were not typographical or errors in transposing, they were not reformed under the Correction of Errors statute.
The Supreme Court in Hovbilt, concluded that “the statute’s capacity to grant relief in cases involving unquestionable tax-assessment mistakes need not be ... narrowly circumscribed.” 138 N.J. at 617, 651 A.2d 77. The Court continued:
Accordingly, we hold that mistakes in assessments that are indisputable, and cannot plausibly be explained on the basis of an exercise of judgment or discretion by the assessor or his or her staff, are within the category of mistakes that can be corrected under the statute. Based on our characterization of the category of mistaken but correctable assessments, we hold further that the correct assessment must readily be inferable or subject to ready calculation on the basis of the assessment mistake for which correction is authorized.
[Id. at 618-19, 651 A.2d 77.]
Applying this standard here, the indisputable error which led to the assessment of Etaner’s Lord & Taylor property at less than half of its proper assessment, “cannot plausibly be explained on the basis of an exercise of judgment or discretion by [Clifford Steele, the Paramus Tax Assessor (Steele) ] or his ... staff.” See Ibid. The error, therefore, is covered by the Correction of Errors statute. Unlike the cases referred to above, the mistake made here is within the category of mistakes that can be corrected under the statute since it was strictly an error in transposing. It is undisputed that neither the revaluation company nor Steele ever intended to assess the property at $5,520,500, a value so low that even the taxpayer agreed it had never settled a case at that value anywhere in the State of New Jersey, let alone in Paramus, which the taxpayer’s valuation expert testified is “probably the strongest retail market in the State.”
The erroneous $5,520,500 assessment was not the product of the revaluation company’s opinion or its appraisal judgment. Steele confirmed that he did not intend to certify the $5,520,500 valuation and that such assessment was neither the product of his opinion, appraisal judgment, nor use of his authority as tax assessor. *222 Douglas Turner, Etaner’s Property Tax Manager, acknowledged that when he met with Richard Chaiken, M.A.I., the principal of the revaluation firm that performed the 1987 revaluation in Para-mus, Chaiken indicated a value for the property at around $75 a square foot, which was subsequently confirmed in the mini appraisal received by him. The Tax Court made the telling point on cross-examination that at no time between Turner’s receipt of the mini appraisal of $11,827,000 in December of 1986 and the appeal filing deadline did Turner communicate to Chaiken, Steele, or any of his superiors in management the need for a tax appeal. Moreover, Turner admitted on cross-examination that never before or since had he successfully settled a case in New Jersey “at those kind of numbers.” The record indicates that Turner was alone in his low estimate and that the proper assessment is readily infera-ble to be $11,827,000, the original fair market value of the property-
Consequently, the mistake here was indisputable and was not based on incorrect assumptions, opinions or judgments by the tax assessor, and, therefore, is covered by the Correction of Errors statute. The assessment for the years under review were properly corrected by the Tax Court.
Affirmed.