RIMM, J.T.C.
This is a local property tax matter involving N.J.S.A. 54:51A-7, the correction of errors statute. The municipality filed a complaint in the Tax Court on August 14, 1996 seeking a judgment reducing an assessment for the tax year 1996.
The subject property is designated as block 11, lot 5 on the tax map of the City of Port Republic and is also known as 510 *144 Chestnut Neck Road. For the tax year 1996, the property was assessed as follows:
Land: $740,000
Improvements: 0
Total: $740,000.
In its complaint, the municipality alleges that the assessment was placed in the records of the municipality as a result of a typographical error, an error in transposition or a mistake in the tax assessment, not relating to matters of valuation involving the assessor’s opinion or judgment. The municipality seeks a judgment correcting the assessment in accordance with N.J.S.A. 54:51A-7 so that the assessment for 1996 will be as follows:
Land: $74,000
Improvements: 0
Total: $74,000.
Attached to the complaint is the affidavit of Brian Vigue, the tax assessor of the City of Port Republic. Attached to the affidavit is a photocopy of a printout of one page of line items entitled “Port Republic City Revaluation Listing.” Port Republic City is listed by the Director, Division of Taxation, in an attachment to the State of New Jersey, Department of the Treasury, Division of Taxation, Certification of Average Ratios and Common Level Ranges for Use in the Tax Year 1996, as a municipality having a reassessment as of October 1,1995 for the 1996 tax year.
The printout is dated October 26, 1995 and contains on it, for each line item listed: the block and lot numbers; the owner’s identification; the property location; the land, improvements and total assessment for 1995; a “new” land assessment; a “new” improvements assessment; and a “new” total assessment.
The 1995 assessments are printed, but the new land, new improvements and new total assessments are handwritten in the assessor’s handwriting. For the subject property, the printout *145 indicates that the land assessment for 1995 was $101,400 and the total assessment was $101,400. Under the new land column the assessor wrote “$74,000.” Under the new improvements column, the assessor put a dash. Under the new total column, the assessor wrote “$74,000.”
On or about December 15, 1995 the assessor sent the revaluation listing by mail to Vital Computer Resource, 900 South Broad Street, Trenton, New Jersey 08611. Vital Computer Resource prints the tax list and is the state vendor for the MOD IV (Tax List) processing used by the City of Port Republic. Vital Computer Resource processed the list on December 19,1995, as indicated by a stamp on the revaluation listing with the word “Entered,” together with a handwritten date of “12/19” and handwritten initials of “JR.” According to the affidavit of the assessor, the operator working for Vital Computer Resource, “JR,” entered the values into the system, adding an extra zero to the land value, increasing it to $740,000, and hence increasing the total value to $740,000. The assessor states in his affidavit that he did not notice the error until July 15, 1996. The complaint and the affidavit are in the format required by N.J.S.A. 54:51A-7.
There appears to be no good reason why the taxpayer, having received an assessment notice for the tax year 1996 increasing the assessment on his property from $101,400 for 1995 to $740,000 for 1996, should not have reviewed that assessment notice, considered it and filed a timely appeal in accordance with N.J.S.A. 54:3-21 on or before April 1,1996.
Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government. (Citations omitted). This view has long been recognized by New Jersey courts and it has a solid policy basis. (Citations omitted.) This policy has been specifically acknowledged and aptly explained by the Tax Court.
The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure. Municipal budgets must be finalized no later than the 90th day after the beginning of the budget year. N.J.S.A. 54:4-42. Real estate assessments, which constitute the bulk of a municipality’s income are established as of October 1 of the pretax year. N.J.S.A. 54:4-23. Throughout our tax legislation, it is clear that our legislature has attempted to set out a well organized time-table for the purpose of enabling *146 a municipality to ascertain the amount of taxable ratables within the jurisdiction in order that it might adopt a responsible and fairly accurate budget.
[Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1980).]
Courts have recognized that both appealing taxpayers and taxing districts must adhere strictly to the deadlines prescribed by statute. Failure to file a timely appeal is a fatal jurisdictional defect. (Citation omitted.) A petition of appeal with the county board of taxation pursuant to N.J.S.A. 54:3-21 filed after the statutory deadline has resulted in the dismissal of the taxpayer’s appeal. See Mayfair Holding Corp. v. North Bergen Township, 4 N.J.Tax 38, 41 (Tax Ct.1982) (statutory filing requirement is an “unqualified jurisdictional imperative, long sanctioned by our courts.”); Sun Life Assurance Co. of Canada v. Orange, 2 N.J.Tax 25, 28 (Tax Ct.1980) (failure to comply with filing deadline of N.J.S.A 54:2-39 for appeal from judgment of county board resulted in dismissal of taxpayer’s claim).
[F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424-26, 495 A.2d 1313 (1985).]
The difficulty with the correction of errors statute is that it has the effect of extending the appeal time contrary to the statute of limitations in N.J.S.A. 54:3-21, which has been consistently and strictly interpreted by the cases as requiring timely filing. However, whether or not there should be a correction of errors statute is a matter of policy for the Legislature; and a trial court judge should correct errors encompassed within the provisions of the statute.
Having stated that, I must determine whether the filing of the complaint in this matter after the filing deadline for regular appeals for 1996 was justified on the basis that there was a correctable error made at the time that the assessment for the subject property was placed on the records of the municipality.
There are no reported local property tax cases in which an error has been corrected under the statute for the benefit of a taxpayer. There are, however, two reported Tax Court cases in which errors have been corrected benefiting a municipality. In Red Bank Bor. v. New Jersey Bell Tel. Co., 8 N.J.Tax 152 (Tax 1986), as a result of the filing of a complaint under the correction of errors statute, the assessment was increased by a judgment of the Tax Court from the total original assessment of $1,322,200 to a total assessment of $1,389,026.
In Borough of Paramus v. Etaner Enter., 14 N.J.Tax 450 (Tax 1992), aff'd, 15 N.J.Tax 217 (App.Div.), certif. denied, 143 N.J. 319, *147 670 A2d 1061 (1995), the Tax Court increased the assessments for 1987, 1988 and 1989 on the defendant’s property from $5,525,500 to $11,827,000 for each year. In affirming the Tax Court, the Appellate Division stated that the mistakes in the assessments were not based on incorrect assumptions, opinions or judgments by the tax assessor, and, therefore, were covered by the correction of errors statute.
In the present ease, there was a correctable error. The land assessment of $740,000 did not reflect the judgment, opinion or determination of the assessor. Rather, it was placed on the records of the municipality, contrary to the assessor’s judgment and determination that the assessment should be $74,000, as a result of a typographical error made by a computer operator. This is precisely the kind of error which was intended by the Legislature to be corrected under N.J.S.A. 54:51A-7, the correction of errors statute.
I write to make these comments on the nature of errors to be corrected under N.J.S.A. 54:51A-7 to indicate what I believe to be correctable errors in accordance with the legislative intent, to state that the Tax Court corrects errors when they are appropriately correctable under the statute, and to note that, contrary to the dissent in the Appellate Division opinion in Hovbilt, Inc. v. Township of Howell, 263 N.J.Super. 567, 623 A.2d 770 (App.Div.1993), aff'd, 138 N.J. 598, 651 A.2d 77 (1994), there is no “draconian view of the statute eagerly embraced by the Tax Court judges.” 263 N.J.Super. at 573, 623 A.2d 770. The judges of the Tax Court do not take draconian views of statutes, but make every effort to interpret statutes to achieve the intent and purpose of the Legislature.
Unfortunately, no statistics have been kept which indicate the number of times judgments have been entered in the Tax Court correcting errors under N.J.S.A. 54:51A-7, but there have been many judgments entered by Tax Court judges correcting errors for the benefit of taxpayers similar to the error in the present case.
*148 In refusing to correct the alleged error in Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 651 A.2d 77 (1994), the Supreme Court said that it understood the exclusion from correctable errors of valuation involving an assessor’s opinion or judgment, “as a clear expression of legislative intent to limit the statutory authorization to the correction of mistakes that are indisputable and not subject to debate about whether the assessment to be corrected resulted from an assessor’s exercise of discretion.” Id. at 618, 651 A.2d 77. Any other interpretation of the correction of errors statute would permit “relief under the abbreviated and extraordinary procedures authorized by the Correction of Errors statute,” id. at 622, 651 A.2d 77, that would impermissibly interfere with the statute of limitations provisions so firmly imbedded in the law of local property taxation. F.M.C. Stores Co. v. Borough of Morris Plains, supra.
The present case presents the kind of error which is properly corrected under the wording of the statute and the “indisputable” requirement of Hovbilt. The Administrator of the Tax Court is directed to enter a judgment that the assessment on the subject property for the tax year 1996 is as follows:
Land: $74,000
Improvements: 0
Total: $74,000.