625 A.2d 483

BOARD OF EDUCATION OF THE BOROUGH OF ENGLEWOOD CLIFFS, BERGEN COUNTY, PETITIONER–APPELLANT AND CROSS–RESPONDENT, v. BOARD OF EDUCATION OF THE CITY OF ENGLEWOOD, BERGEN COUNTY, RESPONDENT–RESPONDENT AND CROSS–APPELLANT, v. BOARD OF EDUCATION OF THE BOROUGH OF TENAFLY, BERGEN COUNTY, CROSS–RESPONDENT–APPELLANT AND CROSS–RESPONDENT, AND A.S., BY HER GUARDIAN AD LITEM R.S., INTERVENOR.

Argued May 3, 1993—Decided June 9, 1993.

*Joel D. Siegal* argued the cause for appellant and cross-respondent Board of Education of the Borough of Englewood Cliffs, Bergen County (*Hellring, Lindeman, Goldstein & Siegal,* attorneys; *Mr. Siegal, Bruce S. Etterman,* and *Matthew E. Moloshok,* of counsel).

*James S. Rothschild, Jr.,* argued the cause for cross-respondent-appellant and cross-respondent Board of Education of the Borough of Tenafly, Bergen County (*Riker, Danzig, Scherer, Hyland & Perretti,* attorneys).

*Arnold K. Mytelka* argued the cause for respondent and cross-appellant Board of Education of the City of Englewood, Bergen County (*Clapp & Eisenberg* and *Paul L. Tractenberg,* attorneys; *Mr. Mytelka, Mr. Tractenberg,* and *Agnes I. Rymer,* on the briefs).

*Mary C. Jacobson,* Deputy Attorney General, argued the cause for respondent and cross-respondent State Board of Education (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Marlene Zuberman,* Deputy Attorney General, on the briefs).

*Zulima V. Farber,* Public Advocate, argued the cause for *amicus curiae Pro Se* (*Ms. Farber,* Public Advocate, attorney; *Stephen Eisdorfer,* Assistant Deputy Public Advocate, on the letter briefs).

*Bernard K. Freamon* submitted letter briefs on behalf of *amici curiae* The National Association for the Advancement of Colored People, The New Jersey State Conference of the N.A.A.C.P., and the Bergen County Branch of the N.A.A.C.P.

PER CURIAM.

We affirm the judgment below, including the order requiring a regionalization study, substantially for the reasons set forth in Judge Long's comprehensive opinion reported at 257 *N.J.Super.* 413, 608 *A.*2d 914 (1992). We are satisfied that such a study is authorized under the broad powers vested in the State Board of Education. As the Appellate Division noted, "[I]t is hard for us to imagine any reasonable person challenging the power of the Board to 'study' an issue committed to its overall authority." *Id.* at 482, 608 *A.*2d 914.

In reaching that conclusion we find it unnecessary to consider whether the State Board of Education has the authority to require regionalization in this case or whether a court may require regionalization as a judicial remedy. We neither express nor imply any position or opinion on the regionalization issue itself, and specifically emphasize that our affirmance of the authority of the State Board of Education to undertake such a regionalization study must not be taken to express or imply any view of the Court on the administrative or judicial power to require inter-district regionalization.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN and STEIN and Judges MICHELS and KING—7.

Justices POLLOCK and GARIBALDI did not participate.