NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NOS. A-2768-12T3
 A-2826-12T3
 A-1943-13T3
 A-1968-13T3

TOWNSHIP OF BERKELEY,

 Petitioner-Appellant,

v.

CENTRAL REGIONAL BOARD OF
EDUCATION,

 Respondent/Cross-Petitioner-
 Appellant,

v.

TOMS RIVER REGIONAL SCHOOLS
BOARD OF EDUCATION,1

 Respondent/Cross-Respondent-
 Respondent,

and

BOROUGH OF ISLAND HEIGHTS, BOARD OF
EDUCATION OF THE BOROUGH OF ISLAND
HEIGHTS, BOROUGH OF SEASIDE HEIGHTS,
BOARD OF EDUCATION OF THE BOROUGH OF
SEASIDE HEIGHTS, BOROUGH OF OCEAN
GATE, BOARD OF EDUCATION OF THE

1
 Improperly pled as Board of Education of Toms River Regional
School District.
BOROUGH OF OCEAN GATE, and
MICHAEL RITACCO,

 Respondents.
___________________________________

TOWNSHIP OF BERKELEY,

 Petitioner-Appellant,

v.

CENTRAL REGIONAL BOARD
OF EDUCATION,

 Respondent/Cross-Petitioner-
 Appellant,

v.

BOROUGH OF SEASIDE PARK, and
BOARD OF EDUCATION OF THE
BOROUGH OF SEASIDE PARK,

 Respondents/Cross-Respondents-
 Respondents,

and

BOROUGH OF ISLAND HEIGHTS, BOARD
OF EDUCATION OF THE BOROUGH OF
ISLAND HEIGHTS, BOROUGH OF SEASIDE
HEIGHTS, BOARD OF EDUCATION OF THE
BOROUGH OF SEASIDE HEIGHTS, BOROUGH
OF OCEAN GATE, and BOARD OF EDUCATION
OF THE BOROUGH OF OCEAN GATE,

 Respondents.
____________________________________

 Argued March 28, 2017 – Decided August 10, 2017

 Before Judges Reisner, Rothstadt and Sumners.

 2 A-2768-12T3
 On appeal from the Commissioner of Education,
 Agency Docket No. 348-11/09.

 Francis J. Campbell argued the cause for
 appellant Township of Berkeley (Campbell &
 Pruchnik LLC, attorneys; Mr. Campbell, of
 counsel and on the briefs; Roslynne G. Novack,
 on the briefs).

 Christopher Dasti argued the cause for
 appellant Central Regional Board of Education
 (Dasti, Murphy, McGuckin, Ulaky, Koutsouris &
 Connors, attorneys; Arthur Stein, on the
 briefs).

 Vito A. Gagliardi, Jr., argued the cause for
 respondents Seaside Park Board of Education
 and Borough of Seaside Park (Porzio, Bromberg
 & Newman, PC, attorneys; Mr. Gagliardi, of
 counsel; Kerri A. Wright and Phillip C.
 Bauknight, on the brief).

 Marguerite Kneisser argued the cause for
 respondent Toms River Regional Schools Board
 of Education (Carluccio, Leone, Dimon, Doyle
 & Sacks, LLC, attorneys; Stephan R. Leone, of
 counsel; Ms. Kneisser, on the brief).

 Lauren A. Jensen, Deputy Attorney General,
 argued the cause for respondent Commissioner
 of Education (Christopher S. Porrino, Attorney
 General, attorney; Melissa H. Raksa, Assistant
 Attorney General, of counsel; Ms. Jensen, on
 the brief).

PER CURIAM

 In these four consolidated appeals, petitioners Berkeley

Township and Central Regional School District (collectively,

petitioners) have each appealed from two final decisions issued

by the Commissioner of Education. The Commissioner's January 10,

 3 A-2768-12T3
2013 decision adopted the initial decision of an administrative

law judge (ALJ) dismissing as moot petitions filed against the

Toms River Board of Education and its former superintendent,

Michael Ritacco. The Commissioner's November 4, 2013 decision

adopted an initial decision denying petitioners' motions to amend

their petitions, because the amendments sought to add a party over

which the Commissioner had no jurisdiction and sought relief that

was beyond the Commissioner's jurisdiction to provide. Agreeing

with the ALJ, the Commissioner concluded that the new claims,

which petitioners sought to assert, should be adjudicated in

Superior Court or elsewhere, and not before the Commissioner. For

the reasons that follow, we affirm the January 10, 2013 and

November 4, 2013 final decisions.

 The history of the underlying dispute was exhaustively

detailed in this court's prior opinion in Borough of Seaside Park

v. Commissioner of New Jersey Department of Education, 432 N.J.

Super. 167, 177-90 (App. Div.), certif. denied, 216 N.J. 367

(2013), and in the ALJ's and Commissioner's decisions in this

case. The Central Regional school district consists of five Ocean

County municipalities, including Seaside Park and Berkeley

Township. For approximately a decade, Seaside Park, which is

smaller and more affluent than most of the other municipalities

in the district, has been trying to either withdraw from the

 4 A-2768-12T3
regional district or obtain a modification of the formula by which

it contributes to the district's costs.

 In 2009, some of the parents in Seaside Park began sending

their children to school in nearby Toms River, rather than sending

them to the Central Regional district schools. Initially, by

agreement with the Seaside Park Board of Education, Toms River

allowed the children to attend its schools without paying out-of-

district tuition. However, after petitioners complained to the

Commissioner, Toms River began charging tuition. According to

petitioners, a local citizens group known as Citizens Aligned for

Responsible and Equitable Schools (C.A.R.E.S.) actually paid the

students' tuition. Petitioners contend that C.A.R.E.S. obtained

the tuition funding through an illegal scheme in which Seaside

Park awarded C.A.R.E.S. a no-bid municipal contract for work the

group did not actually perform.

 The Seaside Park opinion addressed the right of individual

Seaside Park parents to send their children to out-of-district

schools. "They [the parents] are not required to send their

children to Central Regional. They can send their children to

other schools at their own expense, relocate to another school

district, or even home-school their children." Id. at 222.

 The pertinent education statute, N.J.S.A. 18A:38-3,

authorizes any school district to permit out-of-district students

 5 A-2768-12T3
to attend its school system, with or without paying tuition.

Putting aside whether Toms River could lawfully permit Seaside

Park students to attend without paying tuition in the circumstances

of this case, the dispute over the "free tuition" policy was

rendered moot in 2011, when Toms River instituted a policy of

requiring tuition payments. See Greenfield v. N.J. Dep't of Corr.,

382 N.J. Super. 254, 257-58 (App. Div. 2006) (addressing the

mootness doctrine). Accordingly, substantially for the reasons

stated by the ALJ and adopted by the Commissioner, we affirm the

January 10, 2013 decision dismissing the original petitions as

moot.

 Considering the record in light of the applicable standard

of review, we likewise find no basis to disturb the Commissioner's

decision denying the motions to file amended petitions. See Bd.

of Educ. of Bor. of Englewood Cliffs v. Bd. of Educ. of the City

of Engelwood, 257 N.J. Super. 413, 455-56 (App. Div. 1992), aff'd

o.b., 132 N.J. 327 (1993). The new claims petitioners sought to

assert raised legal issues that were beyond the Commissioner's

jurisdiction. As we have previously recognized, although the

Commissioner has plenary jurisdiction to determine controversies

arising under the school laws, N.J.S.A. 18A:6-9, that does not

mean the Commissioner has jurisdiction over every conceivable

controversy that concerns a board of education. See Archway

 6 A-2768-12T3
Programs, Inc. v. Pemberton Twp. Bd. of Educ., 352 N.J. Super.

420, 424-26 (App. Div. 2002). In Archway, for example, we held

that a breach of contract claim against a board of education did

not fall within the Commissioner's jurisdiction, but instead was

properly filed in the Law Division. Id. at 431. However, to the

extent that the contract claim implicated legal issues within the

Commissioner's jurisdiction, the court might, under the doctrine

of primary jurisdiction, refer that discrete issue to the

Commissioner for resolution. Id. at 425.

 In this case, petitioners allege that the Seaside Park

municipal government, and the Seaside Park Board of Education

(BOE), conspired with C.A.R.E.S. to illegally provide public funds

with which to pay local students' tuition to attend the Toms River

schools. According to petitioners, the conspiracy involved the

awarding of an allegedly illegal no-bid contract to C.A.R.E.S.,

for work that the organization itself did not actually perform.

Petitioners also alleged that one or more members of the municipal

governing body or the BOE had conflicts of interest in approving

or facilitating the contract, and that C.A.R.E.S. was not operating

as a legitimate charitable organization.

 We agree with the Seaside Park respondents that, so long as

the Toms River Board of Education permits it, Seaside Park parents

can lawfully pay tuition and send their children to the Toms River

 7 A-2768-12T3
schools.2 See Seaside Park, supra, 432 N.J. Super. at 222;

N.J.S.A. 18A:38-3. The parents can raise the tuition by holding

bake sales, soliciting private donations, or by any other lawful

means. However, the crux of petitioners' claims is that the

tuition money was obtained by unlawful means, and that the alleged

unlawful funding conspiracy should cease. Their proposed amended

petitions asserted that the various named respondents (including

C.A.R.E.S.) committed fraud and money laundering, N.J.S.A. 2C:21-

25, as well as violations of the Local Public Contracts Law, local

government ethics laws, and statutes governing non-profit

corporations. None of those causes of action arose under the

school laws. We agree with the Commissioner that such claims,

against the municipal defendants and C.A.R.E.S., should be

asserted in the Superior Court. See, e.g., R. 4:69-1.

Additionally or alternatively, some of the claims may fall within

the jurisdiction of the Local Finance Board, see N.J.S.A. 40A:9-

22.4, or the county prosecutor.3

2
 We do not mean to imply that Toms River must charge tuition;
that issue is moot and we do not address it. Nor do we address a
situation, not present here, where a sending and receiving
agreement, or a private-tuition arrangement, will increase racial
segregation in the public schools. See Englewood Cliffs, supra,
257 N.J. Super. at 450-51, 473-74.
3
 For the sake of completeness, we note that, if petitioners prove
their underlying claims in the trial court, but some aspect of the

 8 A-2768-12T3
 Petitioners' remaining arguments are without sufficient merit

to warrant discussion, beyond the following brief comments. See

R. 2:11-3(e)(1)(E).

 The parties engaged in discovery for over a year. We find

no abuse of discretion on the part of the ALJ or the Commissioner

in not delaying the decisions here to permit more discovery. See

Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011).

Further, additional discovery would not have affected the

jurisdictional decision or the mootness issue.

 Contrary to petitioners' arguments, the Commissioner did not

implicitly or explicitly approve either a de-regionalization plan

or the withdrawal of Seaside Park from the Central Regional school

district. The fact that a handful of parents in a tiny school

district chose to send their children to a school in another

district, pursuant to N.J.S.A. 18A:38-3, did not constitute de-

regionalization or withdrawal from the district. As the

Commissioner noted, given the few students involved and the

termination of the "free tuition" arrangement, he would not

"exercise the extraordinary remedy of injunction to preclude Toms

relief they seek concerns a remedy that is within the
Commissioner's exclusive jurisdiction to provide, the court could
refer that discrete issue to the Commissioner under the doctrine
of primary jurisdiction. See Archway, supra, 352 N.J. Super. at
425.

 9 A-2768-12T3
River from allowing individual Seaside Park students from

attending its schools on a tuition-payment basis."

 As previously addressed above, to the extent petitioners

contend that an unlawful scheme is being used to raise the tuition

money, that claim belongs in a forum other than the Department of

Education.

 Affirmed.

 10 A-2768-12T3